## McFarlane vs. Cushman.

On a bond to pay a certain sum for the perpetual right to flow land whenever the obligee's title thereto should be adjudged perfect by a certain person named, "upon production to him of a full abstract thereof, duly certified by the *register of deeds and other officers*" of the county in which the land is situate, a recovery cannot be had by showing a decision that the obligee's title was perfect, rendered by such referee on the production of an abstract of title and affidavit of one J. S., not certified by the register of deeds or other county officers.

In thus submitting the question, the parties had a right to fix the kind of evidence upon which it should be decided, and the referee could not make a valid decision upon any other, unless the stipulation was waived.

APPEAL from the Circuit Court for *Walworth* County.

The defendant was sued by the plaintiff for damages for overflowing by a dam certain lands alleged to be the property of the latter. The cause was referred for trial, and the referees

assessed the damages for perpetual flowage at $245.70; but it appearing before the cause reached judgment that plaintiff's title to the land was not perfect of record, the cause was discontinued, and the defendant executed his bond to the plaintiff, by which, reciting the above facts, he bound himself to pay said sum of $245.70, with interest, when said plaintiff should perfect his title to the land, "so that his title thereto [should] be formally or informally adjudged to be perfect by the judge of the circuit court of the county of Jefferson, upon production to him of a full abstract thereof, duly certified by the register of deeds and other officers of said county, and upon notice to said" defendant, his heirs or assigns, and should also execute to him or them a grant of the right to flow said land forever. Upon a notice to the defendant, plaintiff presented to the judge of said circuit court for Jefferson county, at his chambers at Madison, Dane county, " an application for an order adjudging his title to the land perfect; and said judge furnished the plaintiff with a written paper, signed by him as " Referee, &c.," and as such judge, which recited that in pursuance of the stipulations contained in said bond and of said notice, " upon the reading and examination of the abstract of title annexed, made and duly certified by Joseph Stoppenback, Esq., Register of Deeds in and for said county of Jefferson," he did thereby " decide, adjudge and determine" that plaintiff, had a perfect title to the premises in fee simple. Annexed to said paper was an abstract of title showing a patent of the premises in dispute, issued by the United States to one Barclay in 1844, and a regular chain of title from Barclay to the plaintiff. At the foot of said abstract was an affidavit, signed "Joseph Stoppenback," which was as follows: " Joseph Stoppenback, of the village and county of Jefferson, in the state of Wisconsin, being duly sworn, deposes and says, that according to his abstract of title to all the real estate in the county of Jefferson aforesaid, the within and foregoing is a correct abstract of all the deeds, mortgages and other instru-

ments recorded in the office of the register of deeds in and for said county of Jefferson, concerning [the premises in dispute], except those mortgages which are cancelled and satisfied of record. That he has examined his abstract of judgments of all the courts of record in and for said county of Jefferson, and that he does not find any judgment docketed that would be a lien on said premises. And also that he has examined his abstract of sales of land for delinquent taxes, and that the [half quarter section contained in the premises in dispute] was sold on the 14th day of April, 1857, for 312.54, being the taxes for 1856, to *Alex. McFarlane,* and that he does not find any other taxes on said premises unpaid."

The present action is upon the bond above mentioned ; and the complaint, after setting forth in substance the above facts, alleges that, on &c., the plaintiff, in pursuance of the conditions of the bond, executed and delivered to the defendant a grant of the right to flow forever said lands ; and that defendant had due notice of the fulfillment of the conditions of the bond on the part of plaintiff, but refused, upon demand, to pay said sum of $245.70, &c. The defendant answered admitting the execution and delivery of the bond, but denying most of the other allegations of the complaint. At the trial, the defendant objected to the introduction in evidence of the written determination of the judge of the circuit court for Jefferson county, above mentioned ; and it was ruled out, on the ground that " it did not appear that the same was made on the certificate of the register of deeds and other officers of said county, as specified in said bond." The plaintiff again offered said determination and said abstract, and offered to prove that Stoppenback was register of deeds of said county at the time of making said abstract and affidavit ; but the evidence was rejected. The plaintiff then offered to prove by title deed from the United States to himself, " that at the time said determination was rendered, and for a long time previous thereto, he had a perfect title in fee simple to the premises, and that he

still continued to have such title;" but the evidence was reject-ed. · By direction of the court, the jury found for the defend-ant; and from a judgment upon the verdict, plaintiff appealed.

*N. S. Murphy*, for appellant, argued that the determination ·of the judge of Jefferson circuit court was an award by him as arbitrator upon a question submitted to his arbitration, and was binding upon the parties as an estoppel, citing *Sharp v. Dusenbury*, Col. & C. Cas., 134; *Garr v. Gomez*, 9 Wend., 654 and 661; *Same v. Same*, 6 id., 583; 3 Paige, 124; *Shelton v. Alcox*, 11 Conn., 840; *Browning v. Wheeler*, 24 Wend., 258. The spirit and intent of the contract was, that the $245.70 should be payable whenever *McFarlane* should perfect his ti-tle to the land. The recitals in a bond control its conditions. The court erred in ruling out plaintiff's offer to show a per-fect title in himself at and before and ever since the award. 1 Sugden on Vend., 346.

*E. Wakeley* and *E. Kellogg*, for respondent:

1. The parties had a right to agree upon what evidence the opinion should be based, and the defendant was not bound by one based on other and wholly dissimilar evidence. The ab-stract was to be "duly certified by the register of deeds and other officers"—meaning of course those other officers whose certificates are usual and necessary; that is, the clerk of the court must certify that there were no judgment liens, and the clerk of the board that there were no liens for unpaid taxes. The abstract produced was simply one furnished from the pri-vate abstract office of Joseph Stoppenback. It is wholly im-material whether he was register of deeds in fact, or not. He did not certify it as such. And he merely makes affidavit that it is correct "according *to his abstract* of title," &c. Whether his abstract is itself correct or full is not shown by his extra-judicial oath. Again, he states that he has exam-ined his abstract of judgments, &c., but does not swear that his abstract is correct or full, or that he has ever examined the records to learn what judgments existed. And instead of set-

ting forth the judgments, if any, he merely says he does not find any "that would be a lien on the premises," thus swearing to a legal conclusion instead of facts. Again, he says he has examined "his abstract of sales of land for delinquent taxes," &c. This abstract, if correct, would not show any tax liens for which the lands had not yet been sold : but, as before, he fails to state that it is correct. 2. Plaintiff's offer at the trial to prove title from the United States amounted to nothing. The condition of the bond was not to pay when it should be determined in a suit upon the bond that the title was perfect, nor when the title should in fact be perfect. And again, a perfect chain of title from the United States to the plaintiff would not show whether or not there were judgments or tax liens or mortgages upon the premises.

*By the Court*, Dixon, C. J. We think there was no error in excluding the award or finding of the referee and the abstract, for the reasons urged in the court below. And we think for the same reasons that the court properly instructed the jury to find a verdict for the defendant. The referee was authorized to decide the plaintiff's title to be perfect "upon production to him of a full abstract thereof, duly certified by the register of deeds and other officers of said county." The referee acted and decided upon the abstract and affidavit of one Stoppenback. The abstract was not certified by the register of deeds, nor by the other county officers. In submitting the question, the parties had the right to fix the kind of evidence upon which it should be decided ; and, unless the stipulation was waived, the referee could not act or decide upon any other ; or, if he did so, his decision would be without effect. It does not appear that the defendant consented to the substitution of Stoppenback's abstract and affidavit; and consequently the decision of the referee is not binding upon him.

The plaintiff showed no compliance with the condition of bond ; and the judgment must be affirmed.

Judgment affirmed.