## McFARLANE VS. CUSHMAN.

*Bar of former judgment.—Contract construed.*

1. Where the obligee in a bond brought an action upon it before its condition had been complied with, a judgment rendered against him for that reason was no bar to an action on the bond *after* condition fulfilled.

2. On a bond to pay a certain sum for the perpetual right to flow land, whenever the obligee's title thereto should be adjudged perfect by a certain person named, upon production to him of a full abstract thereof duly certified by the register of deeds and other officers of the county in which the land is situate, the obligee is entitled to recover upon proving that such an abstract was produced at the hearing before such referee, and his title adjudged by the same to be perfect; and the obligor cannot, in an action on the bond, introduce evidence to show that the title of the obligee was defective.

APPEAL from the Circuit Court for *Jefferson* County.

In 1861, *Cushman* executed to *McFarlane* a penal bond, conditioned to pay the latter $245.70, with interest from date, when *McFarlane* should perfect his title to certain lands flowed by *Cushman*, so that the title thereto should be "formally or informally adjudged to be perfect by the judge of the circuit court for said county, upon production to him of an abstract thereof, duly certified by the register of deeds and other officers of said county, and notice to said *Cushman*, his heirs or assigns," and should deliver to him or them a grant of the right to flow said lands forever. In January, 1864, *McFarlane* notified *Cushman* to appear before the circuit judge of said county, at his chambers, to answer to an application to adjudge good his title to the lands; and in pursuance of the notice, said judge, upon an examination of an abstract of title certified to him by one Joseph Stoppenback, decided that *McFarlane* had a good title in fee simple to said land. Suit was thereupon brought by *McFarlane* against *Cushman* on the bond, and judgment rendered for the defendant, which was affirmed by the supreme court on appeal, upon the ground that the decision of said judge appeared, from the evidence, not to have been made

upon the kind of evidence required by the terms of the bond. See 19 Wis., 357. Afterwards, in 1865, upon due notice to *Cushman*, application was made to the judge of said court for an order adjudging *McFarlane's* title to said lands to be perfect; and at the time set for the hearing the parties appeared, by their attorneys, and *Cushman's* attorney stated, that, " on behalf of his principal, he revoked the submission to said circuit judge." The judge, however, proceeded to hear the proofs, and *McFarlane's* attorney produced for his examination, 1. An abstract of the title to said lands, duly certified by the register of deeds of said county.    From this abstract it appeared that one Christiana Milne, who owned a part of the land in 1849, mortgaged it to one Laurie ; and that it was conveyed by the sheriff, by a deed upon foreclosure, to one Lilburn, as administrator of said Laurie, in 1852 ; and that in 1852, Christiana Milne quit-claimed the same to *McFarlane.*    2. A certificate of the clerk of court of said county, that he had carefully examined the judgment records in his office, and could find no judgment therein against certain persons named, who are the same persons appearing by said abstract of title to have been grantors in the mesne conveyances by which the title of the United States to said lands vested in *McFarlane.*    3. A certificate of the clerk of supervisors of said county, that he had carefully and thoroughly searched all the records of tax sales in and belonging to his office, and that there were no taxes due or unpaid on said lands, and no tax deeds therefor except one to *McFarlane.* *Cushman* then offered to introduce certain other evidence, which was rejected on the ground that it was not the kind of evidence mentioned in the bond.    The judge decided that *Mc-Farlane* had a perfect title in fee simple to the land ; and signed a written certificate of the proceedings and of his decision. Afterwards *McFarlane* tendered to *Cushman* a deed of the land in due form, and delivered him a copy of the judge's decision in writing, and demanded payment of said sum of

$245.70, with interest; and such payment being refused, he brought this suit for the amount, setting up the above facts.

The answer denies plaintiff's title to the land; denies the service on defendant of proper notice of the second application to said circuit judge; denies that the judge had any jurisdiction to make the decision relied on by plaintiff; and alleges that the bond is void on its face, and also that the agreement for a reference or arbitration was revoked before the judge proceeded to determine the question of title. It also sets up the judgment in the former suit between the same parties (19 Wis., 357) as a bar to this.

At the trial, plaintiff read in evidence, 1. The finding or order of said circuit judge, above mentioned, with the notice served on defendant of his application therefor, &c. 2. The foreclosure deed from the sheriff to Lilburn. 3. The tax deed to *McFarlane*, mentioned in the aforesaid certificate of the clerk of supervisors. 4. The abstract and certificates of the county officers above described. 5. The bond sued on. 6. The deed of said *overflowed* lands, tendered by plaintiff to defendant as aforesaid; which defendant admitted was in full compliance with the requirement of the bond in that respect, and had been tendered to him as alleged. Plaintiff then proved the amount of interest due on the bond, and rested. The court denied defendant's motion for a nonsuit. ˙Proof was then made of the proceedings and judgment in the former suit on the same bond. Defendant then offered evidence as follows: 1. The judgment roll in the foreclosure case of ˍLilburn against Christiana Milne, for the purpose of showing that jurisdiction of the person of said Christiana had not been acquired therein. 2. The report of sale, and the deed in said case; to show that the sale was made to Lilburn as administrator of Laurie. 3. The deed from Lilburn to one Barclay (through whom said abstract shows that *McFarlane* derived title in part); to show that the former conveyed his individual rights only. 4. Oral proof

that there had been a county judge in said county for the seven years then last past. 5. The judgment docket of said circuit court; to show an unsatisfied judgment against said Christiana Milne, rendered in 1852, while she was owner of said land.—All this evidence was rejected.

The jury, under the direction of the court, found a verdict for plaintiff, for the amount claimed by him; and from a judgment on the verdict the defendant appealed.

*D. F. Weymouth*, for appellant.

*N. S. Murphy*, for respondent.

DIXON, C. J.    There is no error in the proceedings or judgment.    The former judgment is no bar, because the condition of the bond had not then been complied with.    The plaintiff had not then produced before the referee the evidence upon which the referee was authorized to act, and there was no money due to the plaintiff by the terms of the bond itself. *McFarlane v. Cushman*, 19 Wis., 357.    It was an action prematurely instituted, and judgment was rendered against the plaintiff for that reason.    *Bull v. Hopkins*, 7 Johns., 22.

There was no error in rejecting the judgment roll and record in the case of *Lilburn v. Milne*, and the other evidence offered by the defendant, because the defendant had, by the condition of his bond, fixed the kind of evidence upon which the referee was to act, and his decision was final.    The only question open was as to whether the condition had been performed by the production before the referee of the evidence called for. Of this we think there can be no doubt.    The abstract produced was clearly such as the parties intended, and fully justified the action of the referee.

The submission to the referee, conceding it to have been in the nature of a submission to an arbitrator, and as such revocable, was not revoked.    A submission by deed can be revoked only by deed.    *Brown v. Leavitt*, 26 Me., 251; *Van Ant-*

*werp v. Stewart,* 8 Johns., 125. The attempted revocation was by the attorney, and by parol.

*By the Court.*—Judgment affirmed.