## NOONAN and another vs. ORTON and another.

*Reference by stipulation of parties, in equity—Judge cannot be compelled by stipulation to sign the report as his finding — Effect of his refusal — Power of the court over the referee's report.*

1. It was stipulated by the parties to the suit that the court make an order referring it to two persons named, to ascertain certain facts by actual guage and measurement, and report the same to the court; and the order was so made.    It was further stipulated at the same time, that facts, estimates and measurements so reported, should "be the finding of the court upon the same, and *be signed by the judge*, and filed with the papers in the cause, and be a perpetual and conclusive record of such facts, estimates and measurements forever, between said parties;" that said finding of the court should be deemed a special finding upon the facts, estimates and measurements embraced in said report, and be used and treated as such in the trial of this cause, and also, as between the same parties, in the trial of any other actions growing out of or founded upon the lease mentioned in the complaint.    *Held*, that this was not a reference under the statute, and the court had no authority, as in the case of a statutory reference, to review and correct the report, nor to set it aside and refer said matters to other referees.

2. In case either or both the referees named should refuse to act, the stipulation further provided that the court or judge might at once appoint one or two other suitable persons to act in place of the one or two so refusing; and that the clerk notify the appointees, with a request that they signify promptly their acceptance or refusal, until two referees should have been found and appointed to act with all convenient speed; provided, that the person or persons so to be appointed should be skilled in hydraulic engineering, and non-residents of this state. *Held*, that it was not necessary that persons appointed referees in place of those named, should be nominated by the respective parties to the suit; but the judge might appoint at his discretion any persons non-residents of this state and skilled in hydraulic engineering.

3. Whether the estimates and measurements reported were binding in case the judge refused to *sign* the report, is not here decided.

APPEAL from the Circuit Court for *Milwaukee* County.

The plaintiffs, as lessees of certain land and water power, brought this action against *Orton* as owner of said land and power and of the dam connected therewith, and against *Kinney* as lessee of another portion of the power created by said dam, to restrain them from certain acts by which it is alleged that plaintiffs were deprived of the enjoyment of the full amount of water to which they were entitled. On the 18th of September, 1865, the court made an order, pursuant to a written stipulation of the parties, referring it to James B. Francis, of Lowell, Mass., and Daniel Marsh, Esq., of Rochester, N. Y., to ascertain by actual guage and measurement, and to report to the court, the true height of said dam, the fall of water afforded by it at plaintiffs' mill, and various other specified matters of fact. At the same time the parties entered into further stipulations in regard to the effect of the report of said referees, when made, and in regard to the manner in which further appointments of referees should be made in case those appointed, or either of them, should refuse to serve; which stipulations are sufficiently recited in the opinion, *infra*. Mr. Francis having declined to act as

referee, and the defendants having moved for the appointment of a substitute, the court on the 2d of November, 1865, appointed I. F. Quimby, of Rochester, N. Y.; and said Marsh and Quimby proceeded to act under the order, and filed their report on the 6th of December, 1865. The plaintiffs moved to set aside the report; " and that a new reference be made under said stipulations, to other referees to be named by the parties to said cause respectively;" alleging in support of the motion, in substance, that they were surprised by the appointment of Mr. Quimby in place of Mr. Francis; that both the referees by whom the report was made were nominees of the defendants; and that, according to the spirit and intent of the stipulation, plaintiffs were to have one referee appointed on their own nomination; and also alleging that the dam had been raised by the defendant *Orton* since the reference was made; that there were various errors and defects in the processes by which the referees had arrived at the results reported; that a part of the measurements reported had been made by only one of the referees, and not by the two acting jointly, etc. Numerous affidavits were filed by the respective parties. The court in February, 1866, made an order setting aside the report, vacating the order of November 2, 1865, by which Mr. Quimby was appointed referee, and appointing William A. Worthen, of N. Y., "referee on the part of said plaintiffs, to act in connection with said Daniel Marsh, the referee on the part of said defendants, in fulfilling * * the order of reference" made on the 18th of September, 1865.—From this order the defendants appealed.

*E. Mariner*, with *H. S. Orton* of counsel, for appellants, argued, among other things, that every reference not provided by the statute, is a submission to arbitration, and the report is an award. *Hills v. Passage*, 21 Wis., 294, especially the opinion on re-argument; *Jones v. Cuyler*, 16 Barb., 576,

and cases there cited; *Blunt v. Whitney*, 3 Sandf., S. C., 4; 2 Whit. Pr. (3d ed.), 238. The reference in this case, although in the form of an order of court, is clearly a reference by stipulation, and the order takes its character and effect from the stipulation. The matters submitted are not the subject of judicial inquiry. They were not submitted in order that they should be subjected to judicial inquiry. The referees were to ascertain, and did ascertain, the facts *by actual guage and measurement made by themselves.* They have done nothing that the court could do; nothing that it knows how to review. Again, the stipulation provides that this report shall be conclusive upon the court in this action; that the court shall sign it as made; that it shall not be reviewed. The language is as peremptory as can be chosen, and it is the ordinary language of submission to arbitration. Again, the stipulation provides that the report shall be conclusive upon the courts in all other actions which shall be pending, not only between the parties to this action, but between *Orton* alone and the plaintiffs, touching the lease — a force which could be derived only from a judgment. Again, this report has no force whatever separate from the contract; and in vacating the report the court does violence to the contract. To hold that a contract so carefully prepared, and so well adapted to the exigencies of the parties as this, should be annulled upon *ex parte* affidavits, without cross-examination, seems new and dangerous. 1 Molloy, 394; *Harrison v. Wright*, 13 M. & W., 816. This is not a statutory arbitration. Only those differences which make out a cause of action can be arbitrated under the statute, and then only when the submission provides that judgment shall be entered on the award. Crary's Special Proceedings, 44; *Cranston v. Kinney*, 9 Johns., 213; *Cope v. Gilbert*, 4 Denio, 347. A common law award can be set aside only *in equity*, and that for fraud or corruption on the part of the arbitrators, or a

plain blunder in calculation, or a mistake in law apparent on the face of the award.

*Byron Paine*, of counsel, on the same side:

It is obvious that none of the authorities relating merely to setting aside or reviewing reports of statutory referees, where the statute provides for a review, are applicable here. This, so far as concerns the questions submitted, is like a common law award, or like a reference or arbitration outside of the statute. These will not be set aside by courts of law or equity, except on clear and strong grounds, which are usually stated as fraud or improper conduct on the part of the arbitrators, or gross and palpable mistake of law or fact —none of which exist here. 1 U. S. Dig., p. 216, §§ 419–435; 1 Johns. Ch., 101, 226; *Underhill v. Van Cortland*, 2 id., 361; id., 276, 551; 2 Day, 553; *Brown v. Green*, 7 Conn., 536; *Fisher v. Towner*, 14 id., 26; *Merritt v. Merritt*, 11 Ill., 567–8; *Ross v. Watt*, 16 id., 99; *Eaton v. Eaton*, 8 Ired. Eq., 102; *Veghte v. Hoagland*, 2 Stock., 45; *Bridgman v. Bridgman*, 23 Mis., 272–4; *Messick v. Ward*, 1 Grant's Cases, 437; *Gardner v. Mastus*, 3 Jones' Eq., 462; *Emmett v. Hoyt*, 17 Wend., 413, 416; *Smith v. Cutler*, 10 id., 589–91; *Roloson v. Carson*, 8 Md., 208, 221–22; *Morgan v. Mather*, 2 Vesey, Jr., 22; *Baasen v. Baehr*, 7 Wis., 520–21; *Lansing's Appeal*, 10 id., 120; Crary's N. Y. Pr., 54; 17 Johns., 406; 23 Barb., 188; 1 Barb. Ch., 173; 4 Seld., 168; 1 Brev., 239; 1 Brown's Ch., 389; 2 id., 163; 1 Vesey, Jr., 365; *Eddy v. Sprague*, 10 Vt., 216; *Harris v. Seal*, 10 Shep., 435. See also R. S., chap. 131, sec. 10.

*I. P. Walker*, for respondents, argued that the reference in this case was not a reference of the cause by the court under the statute, nor yet a submission of the cause to arbitration by the parties, either under the statute or at common law; but it was a reference by an order of court upon stipulation of the parties; not of the cause, but of certain controverted facts, as a means of procuring information

or evidence for the guidance of the court in the final trial of the case.    2. By the special contract upon which the order of reference was based, it was obviously intended that each side should select its own judge or trier, and not that the court should arbitrarily select for them; still less, that one party should select both referees.    3. It is equally clear that the parties contracted in view of the state of facts which existed at the time of the contract, as to the matters to be examined and reported upon, and not in reference to any material change in that state of facts, even though accidental, still less a material change wrought by the positive act of one of the parties.    4. It is also clear that it was the duty of the referees, under the stipulation and order, to act jointly in every part of their work; and that if they failed to do so, the parties should not be bound by the result.    5. The setting aside of the report was a matter within the discretion of the court below; and its ruling will not be disturbed unless there has been gross abuse of that discretion.    It is like the granting of a new trial.    *Van Valkenburg v. Hoskins,* 7 Wis., 496;   *State v. Lamont,* 2 id. 437;   *Ford v. Ford,* 3 id., 399;   *Schœffler v. The State,* id., 823;   *Cook v. Helms,* 5 id., 107;   6 id., 57;   14 id., 356 and 687. *

COLE, J.    The stipulation of the parties provided that it should be referred to James B. Francis, of Lowell, Mass., and Daniel Marsh, of Rochester, N. Y., to ascertain by actual guage and measurement, and to report to the court with all convenient speed, upon the points therein specified. It was "further stipulated by and between the parties to said action, that the facts, estimates and measurements reported

---

* The greater part of the bill of exceptions and of the briefs of the respective counsel is occupied with the affidavits and arguments relative to the alleged facts upon which plaintiffs' motion was based: but these became unimportant in the view which this court took of the subject.—REP.

by said referees, under and by virtue of the foregoing orders, shall, when so reported, be the finding of the court upon the same; and be signed by the judge and filed with the papers in the cause; and be a perpetual and conclusive record of such facts, estimates and measurements forever, between the said parties, *Noonan & McNab* and *John J. Orton:* that said finding of the court shall be deemed a special finding upon the facts, estimates and measurements embraced in said report; and be used and treated as such in the trial of this cause, as between the parties last above named; and also as between the same parties in the trial of any other actions growing out of or founded upon the lease mentioned in said complaint, in whatsoever county such actions, or any of them, may be pending."

In regard to the appointment of referees, in case either one or both of those named should refuse to act, the stipulation provided, that in that "case the court, or the judge of said court in vacation, may at once appoint some other suitable person to act as referee in place of the one so refusing, or two other suitable persons to act as referees in the place of both so refusing, and that the clerk transmit the order, stipulation and appointments so made to such other person or persons so appointed, with a similar request as above, until two referees shall have been found and appointed to act with all convenient speed; provided, however, that the person or persons so to be appointed shall be skilled in hydraulic engineering, and shall be non-residents of the state of Wisconsin."

From the clauses of the stipulation above quoted, it is very manifest that the reference was not one under the statute. It was a reference made solely in accordance with the agreement of the parties. They saw fit to refer certain matters to the decision of two scientific engineers, who were to ascertain, by actual guage and measurement, the facts upon

the matters submitted, and report the same to the court. But the court was not to have the power of reviewing and correcting these estimates and measurements, or of setting the report aside, as in ordinary references under the statute. The facts, estimates and measurements reported by the referees were to constitute the finding of the court; be signed by the judge, and filed with the papers in the cause; and "be a perpetual and conclusive record of such facts, estimates and measurements," embraced in the report. It was somewhat in the nature of an arbitration; that is, the parties agreed to submit to the engineers certain matters, and their report thereupon was to take the place of the usual finding of the court in this suit, and be treated as conclusive upon those facts in any other actions between the parties growing out of the lease. The stipulation, however, gives the court no authority to review and correct the report in any manner. The estimates and report were final upon the matters submitted. *McFarlane v. Cushman*, 21 Wis., 401; *Hills v. Passage*, id., 294. This is the plain, positive language of the stipulation.

Further, did the stipulation give the court authority to set aside the report which was made by Marsh and Quimby, and refer the matters to Marsh and Worthen for a further report? It appears to us not. It will be seen that the stipulation provides, in case either Francis or Marsh refuse to serve, that the court, or the judge thereof in vacation, proceed at once and appoint some other suitable person to act as referee in place of the one so refusing to act. Francis having refused to act, the court proceeded and appointed Quimby, who did act with the other referee. Now it is said the appointment of Quimby was irregular, because he was not the person named by the respondents. It is said the parties intended to keep, each for itself, the selection of a referee, and did not intend that the court should arbitrarily

select for them.   Such is not our construction of the stipulation.   That does not reserve to the parties the right of nominating a referee.   It gives the court or judge full power to appoint some suitable person to act as referee in the place of the one refusing to act, only requiring that the person appointed shall be skilled in hydraulic engineering and not a resident of the state.   These are the only limitations upon the authority of the court to appoint.   These conditions were fulfilled in the appointment of Quimby.   And he having consented to act, and having in fact acted, with Marsh in making the estimates and measurements upon the matters submitted, the court could not set aside the report.   It is true, the stipulation provides that the report shall be signed by the judge, but we do not think it was intended by this language to give the court power to vacate and set aside the report when made.   It was undoubtedly intended that he should sign the report; and whether he must not do so in order to make the report operative and effectual, is a question not now before us, and one upon which we do not wish to be understood as expressing any opinion.   We have been considering merely the question whether, under the stipulation, the court had power to set aside the report when made. Upon that point we are clearly of the opinion that it had not.   The parties submitted matters to the judgment of two hydraulic engineers, and their decision is final; or certainly should be treated so when signed by the judge.   It then partakes so much of the nature of a common law award, that it can only be impeached upon the usual grounds in a court of equity.

*By the Court.*—The order appealed from is reversed, and the cause remanded for further proceedings.

Mr. Justice Downer did not take part in the decision of this case.