State ex rel. Orton et al. vs. McArthur.

STATE *ex rel.* ORTON and another vs. McARTHUR, Judge, etc.

*Stipulation—Duty of Judge—Mandamus—Report of Referee.—Demurrer.*

1. Where the parties to an action stipulate that referees be appointed by the court to determine certain disputed facts, and that their report, when made, shall be the finding of the court, and shall be signed by the judge, this does not render it his official duty to sign such report, and he will not be compelled to do so by *mandamus.*
2. Whether the report is binding on the parties without such signature, is not determined.
3. No ground for a *mandamus* having been shown, a demurrer to the answer is sustained as a demurrer to the alternative writ.

APPLICATION for a *Mandamus.*

In a suit in the circuit court for *Milwaukee* county by *Orton and another* against *Noonan and another,* the parties stipulated that it should be referred to certain persons to ascertain certain facts which were in controversy, and to report thereon; and that "the facts, estimates and measurements reported by said referees should, when so reported, be the finding of the court upon the same, *and be signed by the judge* and filed with the papers in the cause, and be a perpetual and conclusive record of such facts, estimates and measurements," etc.; "that said finding of the court [should] be deemed a special finding upon the facts, estimates and measurements embraced in said report, and be used and treated as such in the trial of this cause," etc., etc. See *Orton et al. v. Noonan et al.,* 22 Wis. 84–92.

The relators sought in this proceeding to compel the judge of said court to sign the report made by the referees; and the respondent having answered the alternative writ, the relators demurred to the answer.

*E. Mariner,* for relators.

*I. P. Walker, J. Downer* and *Mat. H. Carpenter,* for respondent.

COLE, J. On the appeal of the case of *Noonan et al. v. Orton et al.* (22 Wis. 84–92), we had occasion to consider to some extent the nature and effect of the stipulation entered into by the parties. We there held, that as to the matters submitted to the referees, the reference partook of the nature of a common law arbitration. The parties stipulated that the facts, estimates and measurements reported by the referees under and by virtue of the orders, should, when so reported, be the finding of the court upon the same, and be signed by the judge, and be filed with the papers in the cause, and be a perpetual and conclusive record of such facts, estimates and measurements between the parties. Now, in respect to this report of the referees, it appears to us that one of two things must be true. Either, first, the report is complete without being signed by the judge, in which case a *mandamus* to compel him to sign it is unnecessary and fruitless; or, second, if the signature of the judge is necessary to render the report complete and effective, then the judge derives his authority to sign it wholly from the stipulation of the parties. He is to sign the report solely because the parties have stipulated that he should sign it, either for the purpose of identifying it or for some other reason. The parties did not provide that the judge should review or re-examine the facts, estimates and measurements of the referees, and he has no power to do so under the stipulation. These, when reported, were to constitute, or "be the finding of the court upon the same." But it is stipulated that the report "be signed by the judge, and filed with the papers in the cause." Hence his power or authority to sign the report is wholly derived from the stipulation, and it is not an act strictly connected with his official duties. It is a familiar rule, that to authorize the granting of a writ of *mandamus*, it must appear that the performance of the act to enforce which the writ is asked, is a duty resulting from the office, trust or station of the party to whom the writ is directed.

Tapping on Mandamus, 12, 18, 27, 172; *People v. Romero*, 18 Cal. 90; *Crandall v. Amador Co.*, 20 id. 72; *Fish v. Weatherwax*, 2 Johns. Cases, 2d ed., note (*b*). For illustration, suppose the parties had stipulated that the clerk of the court should sign the report: would the case be essentially different from what it now is? It is said that the parties stipulated that the "judge" sign the report, not the individual—that it is the "judge" who is to act, and that the act to be done is *virtute officii*. It is true, as we understand the stipulation, that the person acting for the time being as judge of that court was to sign the report. It is something analogous to the case of *McFarlane v. Cushman* (19 Wis. 357; *Same Case*, 21 id. 401), where a party bound himself to pay a certain sum when the other party should perfect his title to the land, "so that his title thereto should be formally or informally adjudged to be perfect by the judge of the circuit court of the county of Jefferson," on the production of certain evidence. The first application for a certificate was made before Judge ORTON, and the second before Judge STEWART. The words "judge of the circuit court" were there descriptive of the person who was to act in the matter. Here, although the judge was to sign the report, yet in doing so he would not be exercising judicial functions, or be performing a strict legal duty. He signs the report because the parties have stipulated he may sign it. He acts under the stipulation, not by virtue of the power and discretion vested in him by law as an officer. Therefore we cannot see upon what principle he is to be compelled by *mandamus* to perform the stipulation.

It is suggested, that, as the respondent commenced acting upon the stipulation, made the order of reference, appointed the referees, and induced the parties to go on and expend money in having the estimates and measurements made by the referees, he is bound in honor and good faith to perform the stipulation on his part, and not now refuse to sign the report.

Whatever weight there may be in these considerations, it is obvious they address themselves solely to the respondent's sense of justice and right dealing. If the signing of the report is not a duty resulting from the office he exercises, he cannot be compelled to perform it by *mandamus*.

We express no opinion upon the question whether the report becomes complete and effective without the signature of the judge. If it does, the signature of the judge is clearly unnecessary; if it does not, we cannot compel him to sign it, since it is not an act resulting from his office, and he only signs it by virtue of the stipulation of the parties.

We have considered the case on the demurrer to the answer, which, by a familiar rule, reaches back to the writ or first defective pleading. And as it appears that the specific thing asked to be performed is not an act or duty resulting from the office the respondent exercises, the writ is bad.

*By the Court.* — The demurrer is sustained to the writ.

Mr. Justice PAINE did not sit in this case.