Mr. Justice Westcott,
dissenting, delivered the following opinion:
This case is now before us upon the demurrer to the return of the .respondents^
The -respondents having plead over, after a ruling adverse t*o their demurrer to the alternative writ, by that act, in contemplation of law, withdrew their demurrer, and the record must be treated, for the purpose of determining this demurrer ‘to the answer, as if the demurrer to the alternative writ had never been filed. This question, in cases other than mandamus, was elaborately discussed in the case of Johnson vs. The Pensacola and Perdido Railroad Com *23 pany, (16 Fla., 623,) and the conclusion above stated reached. The same rule applies to the prerogative writ of mandamus. (2 N. Y., 490; 10, Wend. 26; 23 Wis., 427.) Under these circumstances, I can only repeat my views already expressed.
1 think, for the reasons stated, that the demurrer of the relator should be overruled,, with judgment for the respondents.
Judgment awarding the. peremptory writ was rendered and the board convened and canvassed the returns, .including that from Madison county, and made the certificate of election required by ‘ law and certified performance of tbo peremptory writ to the court.