*MORGENTHALER v. CRITES, AUDITOR.

**1. PEREMPTORY MUST BE IN SAME FORM AS ALTERNATIVE WRIT.**

In mandamus the peremptory writ cannot be awarded in any other form than that fixed by the alternative writ. If the latter orders taxes for five years past to be put on the duplicate, the former cannot order this for four years.

**2. RIGHT TO DEMUR WHERE A JUDGE ALLOWS THE WRIT.**

The 'proper construction of sec. 6748, Rev. Stat., is, that if the writ has been allowed by the court, the defendant cannot demur, but must answer, because the sufficiency of the petition has been passed upon, but may demur otherwise, though the writ has been granted by more than one judge, for signing the order granting the writ does not make it the act of the court.

**3. UNCONSTITUTIONAL IF RETROSPECTIVE.**

If sec. 2781, Rev. Stat., as amended in 1886, be given a retrospective operation so as to run back and include a correction of tax returns for five years from 1889, it is unconstitutional.

The relator presented his petition to the judges of this court, in which it is averred that he is a resident and tax-payer of the state.

That May 26, 1888, he was employed as a tax inquisitor by the county auditor, county commissioners and county treasurer of Allen county, under sec. 2781, Rev. Stat.

That he furnished evidence under his said contract to the defendant, showing error in the tax returns of Calvin S. Brice, in this, that the said Brice held in each of the years from 1889, back to 1884 personal property, investments in bonds, stocks, etc., subject to taxation in said county, and not returned by him for taxation to the amount, in some of said years, of more than $2,000,000, not including penalties, and relator demanded of said defendant that he proceed, according to law, to place the same for each of said years upon the tax duplicate for collection, but said defendant refused to act in the premises.

That prior to the commencement of this action, one A. C. Richelderfer commenced an action in the court of common pleas of this county against the defendant, the county commissioners and the county treasurer, to enjoin them from acting under said contract entered into by them with relator, and asking that said contract be canceled and held for naught, on the ground that the compensation provided for relator thereunder is excessive; that it diverts taxes paid in from the purpose for which they were levied, and hence is against public policy and unconstitutional. A temporary injunction was allowed and prayed for, and defendant excused himself from proceeding under sec. 2781, because of the injunction.

An alternative writ of mandamus was prayed for as follows: "Wherefore the relator prays that a writ of mandamus may issue commanding the defendant to ascertain as near as practicable, and to enter on the tax-lists for taxation in the sums and for the years found by the defendant, not exceeding five years, running back from the year 1889, any personal property, monies, credits, investments in bonds, stocks or otherwise, owned by said Calvin S. Brice in any said year or years, subject to taxation and not returned by said

---

* This case was cited by the circuit court in Wade v. Kimberly, 3 Ohio Circ. Dec., 000 (s. c. 5 C. C. R., 33). It was reversed by the supreme court. See opinion, 48 O. S., 142.

Brice for taxation, and to charge the proper rates of taxes thereon, or show cause why he hath not done so."

The judges of this court being of the opinion that the defendant was not restrained from placing property upon the tax duplicate, but only from paying out compensation under said contract, allowed the alternative writ as prayed for commanding the defendant to pro·ceed upon the facts and evidence placed before him by the relator, to ascertain as near as practicable, and to enter on the tax lists for taxation in the sums and for the years found by said defendant, not exceeding five years, running back from the year 1889, any personal property, monies, credits, investments in bonds, stocks or otherwise owned by said Calvin S. Brice in any said year or years subject to taxation and not returned by said Brice for taxation, and to charge the proper rates of taxes thereon, and to proceed as required by law, or show cause at the first day of this term why he hath not done so.

The defendant answers that he has been informed that in the litigation upon this question throughout the state various decisions have been made, some to the effect that sec. 2781, as amended in 1886, is unconstitutional, because of its retrospective operation, that the law of 1878 is not in force, because repealed by sec. 2 of the act of 1886, others holding that the act of 1886 must be given a prospective effect only, and under it no tax or penalty accruing prior to that year can be assessed where the returns were false or incorrect, but taxes since that date may be assessed. Some of the cases have gone to the supreme court, and are about to be heard therein. He asks that he may be instructed and guided by the court.

The relator has replied.

The defendant has demurred to the reply, claiming that the demurrer reaches.back to the petition.

The relator claims that the demurrer does not reach back to the petition, because under sec. 6748, it is provided that on the return day the defendant shall answer, or if the writ has been allowed by a single judge, he may demur.

BEER, J.

We think the fair construction of this section is, that if the writ has been allowed by the court, the defendant must answer, because in that case the court has passed upon the sufficiency of the petition, but where a judge allows the writ, the court has not passed upon the sufficiency of the pleading. It makes no difference that more than one judge signed the order granting the writ; such signing does not make the order granting the writ the act of the court. In this case the writ was not allowed by the court.

We hold, therefore, that the demurrer searches the whole record. 2 N. Y., 490; 10 Wend., 26; 23 Wis., 427; 47 Wis., 670.

A majority of the court are of the opinion that the relator, by his petition, is asking that defendant be compelled to act under the law of 1886. He says he furnished evidence covering each of the years from 1889, back to 1884, covering a term of five years. He prays that the defendant be required to correct and add to the tax list not exceeding five years running back from 1889.

The court in the alternative writ commanded the defendant to go back from 1889, not exceeding five years.

It is a well settled principle that the peremptory writ must conform strictly to the alternative mandamus—the alternative writ commands the defendant to do a certain act or show cause why he hath not done so. If the answer is insufficient, the order is, "let the writ be peremptory." It is not that the defendant be commanded to do some other act than that commanded by the alternative writ. High on Extraordinary Legal Remedies, sec. 548.

"In its form and general features, the peremptory mandamus differs only from the alternative writ in the omission of the alternative clause, submitting therefor a peremptory and absolute command, against which no cause can be shown. And it is a well settled principle that the peremptory writ must conform strictly to the alternative mandamus, being necessarily limited as to form by the terms of the alternative writ. In other words, the courts are powerless to award the peremptory writ of mandamus in any other form than that fixed by the alternative writ. It follows, therefore, that if the alternative writ commands the doing of several things, it is incumbent upon the relator, in order to entitle himself to the peremptory writ, to show that he is entitled to the performance of all the things specified, and if he fails in any substantial part in establishing his title to any of the things sought, there can be no peremptory mandamus. And the proper order of the court upon the hearing of the application for the peremptory writ has been granted, is, "let the writ be peremptory," or "peremptory writ refused."

To the same effect are Short on Mandamus and Moses on Mandamus. See also High on Extraordinary Legal Remedies, sec. 450; 1 Ia., 179, 473; 35 N. J. L., 196, 269; 38 N. J. L., 259.

The act of 1886 goes back for five years, one year more than the act of 1878. It adds

a penalty of fifty per cent. for each year and requires the taxes to be assessed upon the added property and penalty. Because of the added penalty, if the act of 1886 is to have a retrospective operation then under the decision of Judge Story in Society v. Wheeler, 2 Gall., 139; Sturgis v. Carter, 114 U. S., 114, and Rairden v. Holden, 15 O. S., 207, it is unconstitutional, and can not be enforced.

If it is to have a prospective operation only, the court exceeded its powers in commanding the defendant to go back from 1889 not exceeding five years, and a peremptory writ commanding the same thing to be done would be in excess of the power of the court.

However reprehensible it may be in one to refuse to list his property for taxation, it is equally reprehensible in a court to undertake the exercise of a power not warranted by the law.

If the act of 1887 is unconstitutional, and if the repealing clause contained in sec. 2 must fall with it, and for that reason the act of 1878 stands revived, or to state it more accurately, was never repealed, still the peremptory writ can not issue under that act, for as we have stated, the application for the writ was under the act of 1886, and the writ issued under the act of 1886. It commands the tax lists to be corrected from 1889 back not° exceeding five years, while the act of 1878 would only authorize the correction of returns for four years.

So that, whether the act of 1886 is unconstitutional or not, whether it is to have a prospective operation or not, or whether by reason of its unconstitutionality the act of 1878 is still in force, the result, so far as the case under consideration is concerned, is precisely the same. The peremptory writ can not be ordered.

A majority of the court only concur in the conclusion arrived at. They do not agree as to the manner of arriving at the conclusion. Judge MOORE dissents, and is of the opinion that the peremptory writ should issue.

Peremptory writ refused; defendant to go hence without day and recover his costs.

SENEY, J.

I agree with the conclusion reached by the majority of the court, and go further. I claim that the statute of 1886 is unconstitutional, that it is retrospective in its operation, and that being unconstitutional under the decisions of the state, the legislature would not have enacted the repealing clause of the statute of 1878, so the first section being unconstitutional, being retrospective in its operation, and casting additional burdens on parties that did not exist prior to its enactment, the whole act falls; the whole act falling, it leaves in force the statute of 1878; the statute of 1878 being in full force, and the alternative writ in this case being issued under the statute of 1886, and going back for a period of five years, and the statute of 1878 only permitting the taxes to be charged up for a period of four years, that the peremptory writ in this case should be refused.

MOORE, J. (dissenting).

I do not desire to take the time to discuss this question at all, but just to make one or two statements. It is a well settled rule of construction that if a statute will bear two constructions, one of which would sustain it and the other would invalidate it, it must receive that construction which would maintain the law. This statute will bear a construction that will sustain it, that is, that it is prospective only, and should have that construction. The alternative writ, in my judgment, could have been answered by the auditor, and I think this answer is entirely insufficient; by having acted upon the evidence furnished to him to make this assessment since 1886 and refused to have gone back further than that, that would have been a complete answer. Or, if the evidence had been entirely insufficient to warrant any assessment being made, he could have so answered, it would have been an answer to the alternative writ. He has neither obeyed it nor has he answerd it in my judgment, and it should be made peremptory.

BEER, J.

If he had obeyed it by amending the tax list for five years, he would have disobeyed the law.