WILLIAM HALL, *Complainant, versus* SPENCER DECKER & *als.*

The process, under our statute, to obtain damages for flowing land by a mill-dam is a personal action, and, when the damages demanded do not exceed one hundred dollars, may be served by a constable.

ON EXCEPTIONS.

This was a complaint for flowage of land by the defendants' mill-dam, founded on c. 72, § 4, of the Revised Statutes. The complaint was served by a constable. At the first term, the complainant, upon leave granted, amended the complaint by reducing the claim for damages to one hundred dollars. At the same term the respondents moved to dismiss the complaint for want of sufficient service. The presiding Judge granted the motion, and the complainant excepted.

*A. B. Holden,* for complainant.

*J. J. Perry,* for respondent.

The opinion of the Court was drawn up by

KENT, J.—The ruling of the presiding Judge, which is excepted to, was, that this process, to obtain damages for flowing land, is not " a personal action" within the meaning of the forty-third section of chapter eighty of the R. S., and that, therefore, the service by a constable was not sufficient. The section alluded to provides, that a constable may serve any writ or precept in a personal action, where the damage claimed is not over one hundred dollars.

The process in this case, is *an action.* An action is the lawful demand of one's rights in the form given by law. 3 Black. Com., 116 ; Co. Lit., 285.

This form is given by statute, and a mode of service pointed out.   c. 92, §§ 4, 5.

Is it a *personal* action ?

Actions are either real, personal or mixed. Real actions are those brought for the *specific recovery* of lands, tenements or hereditaments.   The essential and distinguishing fact that

gives an action the character of a *real* action is, that it seeks to recover specifically the land and its possession. Stephens on Pl., p. 3.

This definition includes all the old actions of writs of right, writs of entry, and ejectment, and our present writ of entry, (c. 104, § 1,) and every form of action where the judgment is for the title and possession of the land demanded. The process of forcible entry and detainer also seeks for possession of the land.

Mixed actions are those which are brought for the *specific recovery* of lands, as in real actions, but have joined with this claim one for damages in respect to such property; as actions of waste, where, in addition to the recovery of the place wasted, the demandant claims damages. Our present writ of entry, in which the statute authorizes a claim for mesne profits, and the action of dower, in which a claim for detention may be inserted, are also examples of mixed actions. Stephens on Pl., p. 3.

Personal actions are those brought for the specific recovery of goods and chattels, or for damages or other redress for breach of contract and *other injuries of every description*, the specific recovery of lands and tenements only excepted. Personal actions are, as to *cause* of action, either *ex contractu* or *ex delicto*, as *to place* where to be tried, *local* or *transitory*, as to object *in personam* or *in rem*. 3 Bouvier's Institutes, 2641.

This action is undoubtedly local. It is made so expressly by statute giving the remedy. c. 92, § 4.

But the distinction between real and personal, and mixed actions, does not rest at all upon the question whether the action is local or transitory, but upon the distinction before pointed out.

Personal actions may be local. Actions, which do not seek the recovery of land, may be local by the common law, because they arise out of some local subject, or from the violation of some local right or interest, as waste, trespass *quare clausum*, actions on the case for nuisances to houses, or for disturb-

ance of right of way, or for the diversion of a water course, and the like. These actions are personal, but local. The action of replevin is also local. 1 Chitty's Plead., pl. 271; Gould's Plead., c. 3, § 105; 3 Bouvier's Inst., 2644.

This action for damages for flowing land, does not seek to recover land specifically, and is not, therefore, either real or mixed.

It resembles an action for trespass on land, or, perhaps, more nearly, an action for diverting a water course, or one for damages to a mill by causing the water to flow back upon it.

We think that our statutes intend to keep up, essentially, the old distinctions between real and personal actions, and that, whenever they speak of personal actions, (as in case of references, c. 108, § 1, and in the chapter of limitations of actions, c. 81, and in other places,) they intend all actions, whether local or transitory, that do not seek the specific recovery of lands, tenements or hereditaments. We think this case falls within the class of personal actions intended by the statute.                    *Exceptions sustained.*

TENNEY, C. J., RICE, APPLETON, GOODENOW and DAVIS, JJ. concurred.