Hill *v.* Morse.

---

FRANCIS HILL *vs.* CHARLES H. MORSE.

*Judgment, when it bars another suit. Contribution, right to compel.*

61    541
89    579

61    541
92    221

61    541
97    555

A verdict and judgment rendered in a suit upon a joint and several note in favor of one surety will not be a bar to another suit against another surety upon such note, unless it is shown that the first verdict was rendered upon a defence which would be an extinguishment of the cause of action; or unless the grounds of defence set up in both cases are shown to be identical.

A surety who has been discharged from his primary liability upon a note, may be held to contribute to reimburse a proportional part thereof to a co-surety who has been subsequently compelled to pay it.

ON EXCEPTIONS.

The facts in this case were reported by Mr. Chief Justice Appleton, to whom the action was referred under an agreement that he should "report facts upon any question of law" that either party might require. The referee determined that the plaintiff should recover the amount of the note in suit and costs unless, upon the statement of facts, the opinion of the court should be otherwise. The defendant claimed that Hill had, for a valuable consideration, granted a six months' extension to D. S. Knowles, principal signer of the note, without the consent of Morse, who was a surety upon the same with Lowell Knowles, but the referee found there had been no such extension. The defendant then offered the record of a suit in favor of the plaintiff against Lowell Knowles upon

this note and the judgment therein, claiming that such judgment was a bar to the maintenance of the present action, but the referee held the contrary opinion.  The defendant claimed that, at all events, since Lowell Knowles had been discharged, he was liable for but half of the note ; but upon this point also the referee ruled against him.   If the referee's views of the law were correct then the plaintiff was to have judgment accordingly ; or such entry was to be made as the law, upon the facts found, required.   The report was accepted at *nisi prius,* and judgment for the plaintiff ordered and the defendant excepted.

*A.  W.  Paine,* for defendant.

The judgment against Hill, in favor of Lowell Knowles, defendant's co-surety upon this note, is conclusive upon the plaintiff. *Sturtevant* v. *Randall,* 53 Maine, 149 ; *Walker* v. *Chase,* Ibid, 258. As the act of Hill has discharged the co-surety, certainly he can, in any event, recover but half of the note of Morse.   *Andrews* v. *Marrett,* 58 Maine, 539.   He has deprived Morse of the right of claiming contribution from Lowell Knowles and should bear this loss.   He should not have changed the relations between the sureties.    But we say the judgment barred the whole debt.   *Spencer* v. *Dearth,* 43 Vermont, 98.

*J.  S.  Rowe,* for plaintiff.

PETERS, J.   Charles H. Morse is sued ₍by the payee upon the following note :

"CORINNA, March 12, 1868.

Value received I promise to pay Francis Hill or order five · hundred dollars six months from date with interest.

D. S. KNOWLES,

L. KNOWLES,

C. H. MORSE."

It is admitted that the first signer is the principal and that the others are sureties.   A former suit was brought by this plaintiff against the other surety in which the defendant prevailed.

It is insisted by the defendant that the judgment in the former suit is a bar to the plaintiff's recovery in this suit, and he relies upon the cases of *Sturtevant* v. *Randall*, 53 Maine, 149, and *Walker* v. *Chase*, Ib. 258, as sustaining that proposition. But he does not show or plead facts sufficient to make the principle established in the cases referred to applicable to this case.

There is no doubt that if any fact was necessarily decided for the defendant in the former suit, which would be as well a defence to this defendant, that the plaintiff in this suit, when it is shown, would be estopped by it. But while it appears in this case that the former action was tried upon the plea of the general issue, it does not appear upon what ground of defence, under that plea, the verdict and judgment were rendered. There is no evidence introduced to show that the defendant prevailed upon any facts, which went to the merits of the case, or were an extinguishment of the cause of action, or that the facts involved in that judgment were such as would be available to the defendant as a bar to this action if the same were proved here. *Non constat* that the former defendant may not have prevailed upon some personal defence, such as infancy or many others allowable under the general issue, which could not be available to the present defendant. It is said in *Burlen* v. *Shannon*, 99 Mass. 200, "that a verdict and judgment are conclusive by way of estoppel only as to facts, without the existence and proof or admission of which they could not have been rendered." It is very clear that the former verdict might have been rendered upon facts which would not be a ground of defence to the present defendant, and therefore there can be no presumption that it was otherwise. The misfortune of the defence, if anything, is probably that the trial of the first suit involved such complications as to render it impossible to show that any particular issue decided in that suit was the identical issue here. This point is elaborately considered in *Spencer* v. *Dearth*, 43 Vt. 98.

It is contended further that the defendant would be liable in this suit, at the most, for no more than one-half the amount of the note, because, as he says, by the discharge of the other surety in

the first action, he has been deprived of all right to claim contributions of him, should he be unsuccessful here. But such a result will not follow. It is well settled that one surety has a claim against another, for contribution for any sum he may be compelled to pay, although such co-surety may have been discharged from liability primarily upon the same contract. *Crosby* v. *Wyatt*, 23 Maine, 163; *Godfrey* v. *Rice*, 59 Maine, 308; *Clapp* v. *Rice*, 15 Gray, 557.  *Exceptions overruled. Defendant defaulted for the amount of the note and interest.*

APPLETON, C. J.; CUTTING, WALTON, DICKERSON, and BARROWS, JJ., concurred.