INHABITANTS OF EMBDEN *vs.* GRANVILLE LISHERNESS.

Somerset.    Opinion February 22, 1897.

*Judgment. Estoppel. Evidence. R. S., c. 6. § 175.*

A judgment, in order to be conclusive as an estoppel, must have been rendered upon the merits of the case, and the same subject matter.

Where several issues are presented by the declaration and pleadings, and the record fails to show upon which in fact the judgment was rendered, it is competent to show the fact by parol evidence, not to contradict the record but in support of it.

So where the record does not disclose the precise issues raised and claims considered and which pass into judgment in the action, they may be shown by parol evidence.

ON REPORT.

The case appears in the opinion.

*E. N. Merrill and G. W. Gower*, for plaintiff.

*A. Simmons*, for defendant.

SITTING: WALTON, EMERY, FOSTER, WHITEHOUSE, WISWELL, STROUT, JJ.

FOSTER, J.    Action of debt, brought under § 175, c. 6, R. S., to recover $207, the amount of tax assessed upon defendant's real estate for the year 1889.

It is admitted that the tax was legally assessed and has never been paid; that at the December term of this court for the county of Somerset, an action of debt was tried, in which Stillman A. Walker, collector of taxes for the plaintiff town, was plaintiff, and against this same defendant; that the suit was brought by the collector under § 141, c. 6, R. S., to recover the same tax.

The plea in that action was the general issue. The jury returned a general verdict for the defendant.

In the present action the plea is the general issue, with brief statement of the former judgment as a bar to the maintenance of this suit.

The plaintiff in this action offered to prove by parol that the only issue upon which said former cause was tried was that of.

"due notice and demand" given to and made upon the defendant by Walker as collector before the bringing of said former suit. This testimony was objected to by the defendant, and the only question before the court is upon the admissibility of this evidence. If admissible, judgment is to be rendered for the plaintiff.

We think it admissible.

At the former trial at which the general issue was pleaded, it was competent for the defendant to show that no "due notice" had been given before the bringing of the suit as required by the statute authorizing a collector of taxes to sue in his own name. This was the issue presented, and upon which the defendant prevailed. The merits of the case except as to the question of due notice were not passed upon.

The gist of the present suit is whether the defendant owes the tax for which he is sued. The only defense is that the collector of taxes brought suit for the same at a former term, and in the trial the defendant prevailed. In that suit it was essential to show "due notice" as well as a legal tax. Failure to do either, and the verdict would be the same. Both allegations in the writ had to be established to make out a prima facie case. The record of that case is before us; but with the general issue alone pleaded, and with a general verdict of "does not owe," how are we enabled to tell upon which allegation the defendant succeeded? There is nothing as appears from the record to determine this question. Whether it was for want of due notice, or the want of a legal tax, can be shown only by evidence aliunde the record, and the point upon which the case turned must necessarily be proved, if proved at all, by such evidence.

This is what the plaintiff in the present suit offered to prove.

A judgment, in order to be conclusive as an estoppel, must have been rendered upon the merits of the case, and the same subject matter. *Clark* v. *Young*, 1 Cranch, 181, 194; *Phelps* v. *Harris*, 101 U. S. 370; *Dunlap* v. *Glidden*, 34 Maine, 517, 519; *Hill* v. *Morse*, 61 Maine, 541; *Smith* v. *Brunswick*, 80 Maine, 189; *Young* v. *Pritchard*, 75 Maine, 513, 517; *Arnold* v. *Arnold*, 17 Pick. 4; *Cunningham* v. *Foster*, 49 Maine, 68, 70.

It is well settled that where several issues are presented by the declaration and pleadings, and the record fails to show upon which in fact the judgment was rendered, it is competent to show the fact by evidence aliunde, not however to contradict the record but in support of it. *Dunlap* v. *Glidden*, supra ; *Jones* v. *Perkins*, 54 Maine, 393, 396 ; *Rogers* v. *Libbey*, 35 Maine, 200 ; *Chase* v. *Walker*, 26 Maine, 555 ; *Cunningham* v. *Foster*, 49 Maine, 68, and cases there cited.  See also *Lander* v. *Arno*, 65 Maine, 26 ; *Hood* v. *Hood*, 110 Mass, 463 ; *Blodgett* v. *Dow*, 81 Maine, 197, 201.  See also *Walker* v. *Chase*, 53 Maine 258, a leading case in this State where this doctrine is fully considered.

While the rule is strict that evidence aliunde cannot be introduced to contradict the record, it is a universally acknowledged rule that a judgment obtained upon the ground that an alleged demand is not yet due, is no bar to an action subsequently brought on the same demand, after it has fallen due.  Freeman on Judgments, §§ 268, 274.

A suit upon a bond before condition broken, in which the defendant prevails on that account, is no bar to an action brought against the same defendant after condition broken. *McFarlane* v. *Cushman*, 21 Wis. 401.

So where a suit is brought for several demands, some of which are due, and others of which are not due, and a general verdict is given for the plaintiff, it has been held that he may show in a second suit brought upon the demands not due in the trial in the first suit, that they were disallowed because not due. *Kane* v. *Fisher*, 2 Watts, 246 ; *Ball* v. *Hopkins*, 7 Johns. 22.

Thus in *Perkins* v. *Parker*, 10 Allen, 22, in a real action where a former judgment in bar was set up in defense, the court held that it was competent for the demandant to introduce parol evidence that there were two distinct grounds of defense relied upon, one of which involved only the question whether his grantor was seized, at the time of the making and delivery of the deed to him, and that this ground of defense was established by proof, and that for this cause solely the judgment was rendered in favor of the

defendant, and not by reason of any defect in the title of his grantor.

In the case of *Whiting* v. *Burger,* 78 Maine, 287, 296, our court say: "When the record does not disclose the precise issues raised and claims considered and which pass into judgment in the action, they may be shown by parol evidence."

See also the case of *Nashua and Lowell Railroad* v. *Boston and Lowell Railroad,* 164 Mass. 222, 226 where the court hold that where there are several demands sued in one action and the plaintiff obtains a general verdict and judgment, the record of such judgment is not conclusive evidence that all of the demands were included therein, and will not bar a subsequent action for such as in fact were not adjudicated upon.

The general tendency of decisions is in accord with this doctrine.

In the recent case of *DeSollar* v. *Hanscome,* 158 U. S. 26, the court say: "Now it is of the essence of estoppel by judgment that it is certain that the precise fact was determined by the former judgment. It is undoubtedly settled law that a judgment of a court of competent jurisdiction, upon a question directly involved in one suit is conclusive as to that question in another suit between the same parties. But to this operation of the judgment it must appear, either upon the face of the record or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit." *Russell* v. *Place,* 94 U. S. 606.

This case comes within the rule laid down in the foregoing decisions. The evidence offered is not contradictory of the record in any way, but rather in aid of it, by showing what question was determined by the jury in finding their verdict. That question was one where want of due notice entitled the defendant to prevail. Had the suit been upon a note which was not due, and judgment been given for the defendant because the suit was prematurely commenced, that fact undoubtedly could be shown by parol in a subsequent suit after the note had become due, and would constitute no bar to the second suit.

*Judgment for plaintiff.*
*for $207 and interest from date of writ.*