MARK MERROW

*vs.*

INHABITANTS OF NORWAY VILLAGE CORPORATION.

Oxford.    Opinion November 25, 1919.

*Real actions.    Rule as to definiteness of description of property under R. S., Chap.
109, Sec. 21.    General rule in regard to necessary description in
writs of entry.*

On agreed statement. Plaintiff brought a real action against the defendants at the May Term, 1918, Oxford County, demanding "against the said defendants the possession of the lot of land in Norway Village Corporation which is known as the Fordyce McAllister place" &c. On the second day of the return term the defendants filed a disclaimer of the entire tract and of all interest therein. At the February Term, 1919, they filed a special demurrer to the writ on the ground that the description of the demanded premises was not sufficiently definite and was not so certain that seizin could be delivered to the sheriff without reference to some description dehors the writ.

*Held:*

1.   The description is sufficiently precise to meet the requirement specified in the demurrer. It is not expected that the officer can identify the premises any more than he could identify a stranger whom he is directed to arrest, without inquiry.

2.   The true test of clearness of description however is that stated in the original statute, (Public Laws, 1826, Chap. 34, Sec. 1) of which R. S., Chap. 109, Sec. 21, is a condensation, viz: they "shall be so defined and described in the declaration that the defendant may know with reasonable certainty what lands and tenements are demanded."

3.   Applying this criterion the description is adequate.   The defendants have admitted the fact by filing the disclaimer.   They had no difficulty then in determining what premises were demanded, but said that they were not in possession of them and had no title or interest therein.

Writ of entry.   Defendant filed disclaimer and also brief statement setting forth that the defendant was not a tenant of the freehold and not in possession of the premises described in plaintiff's writ. At a later term, the defendant filed a demurrer, which was overruled by presiding Justice; to which ruling defendant filed exceptions, and by agreement the case was submitted to the Law Court upon the record and pleadings filed.   Judgment in accordance with opinion.

Case stated in opinion.

*Alton C. Wheeler,* for plaintiff.

*Albert J. Stearns, and William W. Gallagher,* for defendant.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

CORNISH, C. J.   On agreed statement.   At the May Term, 1918, of the Supreme Judicial Court for Oxford County the plaintiff brought this writ of entry demanding "against the said defendant the possession of the lot of land in Norway Village Corporation which is known as the Fordyce McAllister place" &c.   On the second day of the return term the defendants filed a disclaimer of the entire tract and of all interest therein.   At the February Term, 1919, the defendants filed a special demurrer to the writ on the ground that the description of the demanded premises was not sufficiently definite and precise and was not so certain that seizin could be delivered to the sheriff without reference to some description dehors the writ.   The presiding Justice overruled the demurrer and gave judgment for the plaintiff.   To this ruling the defendant took exceptions, but did not seasonably perfect them.   At the May Term, 1919, counsel agreed that the case should not be prejudiced thereby but that the cause should be reported to the Law Court upon an agreed statement

"to be decided by said Law Court in like manner and with like results as is provided in the case of appeals, . . . . the Law Court to render such judgment as the legal rights of the parties require."

The point at issue is the sufficiency of the description in the writ, viz: "the lot of land in Norway Village Corporation which is known as the Fordyce McAllister place."

The criterion as to definiteness in description is fixed by the statute governing real actions. "In such action the demanded premises shall be clearly described in the declaration, otherwise the Court may direct a nonsuit." R. S., Chap. 109, Sec. 21. If this should be construed to mean that the premises must be so clearly defined that the officer having the execution in his possession may find them, we think in the case at bar that requisite is met. It is not expected that the officer can identify them, any more than he could identify a stranger whom he is directed to arrest, without inquiry. *Willey* v. *Nichols,* 59 Maine, 253-4. On inquiry this lot could be readily found. It is "the" lot, not "a" lot, thereby implying that there is only one. That one is known as the Fordyce McAllister place and is situated in Norway Village Corporation. This description falls well within the rule followed in *Willey* v. *Nichols,* 59 Maine, 253, supra, and *Bragg* v. *White,* 66 Maine, 157. "If the officer fails to find it, the tenant will receive no harm. We apprehend the fear is that he may find it," is the trenchant language of Chief Justice Appleton in the case last cited.

If however, the true test of clearness of description is that stated in the original statute of which the sentence above quoted in our present revision is a condensation, we reach the same conclusion. The words of the original statute are these: "The premises demanded shall be so defined and described in the declaration that the defendant may know with reasonable certainty what lands and tenements are demanded; otherwise the Court before whom any such action shall be pending shall, on motion of the defendant direct a nonsuit against the demandant with costs of suit; unless they shall, for sufficient reasons, see fit, on equitable terms to order an amendment." Public Laws 1826, Chap. 344, Sec. 1. This was preserved in almost its entirety in the revision of 1841, Chap. 145, Sec. 24, but was condensed to its present form in the revision of 1857, Chap. 104, Sec. 21, and this condensation has been since maintained.

We think the test therein prescribed is the correct and reasonable one by which to judge the sufficiency of the description. It must be such as to enable the defendant to know with reasonable certainty what lands or tenements are intended, so that he may intelligently protect his rights by pleadings or disclaimer. He, not the sheriff, is the party needing a clear description in order that he may not be obliged to act in the dark. A study of the original statutory provision leads to no other conclusion.

Applying this test, we find that the defendants themselves have admitted the adequacy of description. They had no difficulty in determining what property was covered by the declaration, because on the second day of the return term they did not ask for a non suit because of indefinite description, but filed a disclaimer in which they say that they were not on the date of the plaintiff's writ, nor at the time of disclaimer, "tenant of the freehold therein described, and that they were not in possession of the premises described in the plaintiff's writ when said action was commenced, and they disclaim any right, title or interest therein." The description was sufficiently clear to enable the defendants to comprehend what premises were meant, and to declare that they were not in possession of them. That is sufficient.

Under the broad powers given by the agreed statement, the entry will be,

*Judgment for demandant with costs.*