BERT W. BEMIS *vs.* DIAMOND MATCH CO.

Oxford.        Opinion October 2, 1929.

336

*Elias Smith,*
*Albert J. Stearns,* for plaintiff.
*Hastings & Son,* for defendant.

SITTING: WILSON, C. J., DUNN, DEASY, STURGIS, BASSETT, FARRINGTON, JJ.

WILSON, C. J.   An action of trover to recover the value of certain logs alleged to have been wrongfully converted by the defendant company.

Sometime prior to the winter of 1924-25 one Bradley went upon the land of the plaintiff, claiming title thereto, and against the protests of the plaintiff, cut timber standing thereon and sold the logs in question to the defendant company.   The plaintiff first

brought trespass against Bradley, but, failing to show possession, was nonsuited. He then brought a writ of entry to recover possession, but without claiming damages for rents and profits or for destruction or waste, and, under the law of this state, recovered judgment only for possession. *Bemis* v. *Bradley*, 126 Me., 462.

Following his judgment for possession, the plaintiff brought this action against the defendant for conversion of the logs which it purchased of Bradley while he was wrongfully in possession of the premises.

The case is reported to this court on the above statement of facts.

The defendant contends that inasmuch as the plaintiff is now prohibited under Secs. 11 and 15 of Chap. 109, R. S. (1916), as construed by this court, from bringing an action against Bradley, the tenant in the real action, for either rents and profits or waste accruing prior to the date of the writ of entry, the same prohibition applies to a privy of the tenant such as the purchaser of any fruits of waste committed by the tenant while in wrongful possession.

We think this contention can not prevail. At common law, the demandant could not recover for rents and profits or waste in his real action, but, after obtaining judgment under a writ of entry, he could bring an action to recover for rents and profits during the entire occupancy by the wrongdoer or for any destruction or waste committed during his wrongful possession. *Larrabee* v. *Lumbert*, 36 Me., 440.

It was held in the case just cited, however, that the common law was radically changed by Secs. 14 and 18 of Chap. 145, R. S. (1841), which are the same as now found in Secs. 11 and 15 of Chap. 109, R. S. (1916), in that the demandant not only may now recover under his writ of entry for any rents and profits accruing, or for waste committed, prior to the date of his writ, but that for such damages his remedy under his writ of entry is exclusive. In other words, he must either recover under his writ of entry for all damages for rents and profits or waste accruing prior to the date of his writ or be barred from ever recovering for that period. It was further held, contrary to the rule laid down in Massachusetts in

*Raymond et al* v. *Andrews*, 6 Cush., 265, that he must specifically include in his declaration a claim for such damages or he could not recover. In this respect, the Court followed a previous decision found in *Pierce* v. *Strickland*, 25 Me., 440.

The statute, therefore, gave the demandant no new rights but merely enabled him to accomplish in one action what had previously required two. *Purrington* v. *Pierce*, 41 Me., 532. The prohibition, however, against bringing a separate action in case no claim was made in the real action for rents and profits or waste is not express, but, as construed by the Court, a necessary implication and being in derogation of his common law rights should not be extended farther. Such appears to have been the intent of the legislature, as it expressly preserved the demandant's right of action against any other trespasser or person causing damage to the premises.

The Court has construed this statute strictly. In *Rollins* v. *Blackden*, 112 Me., 464, it held, that the demandant was not prohibited by the statute from bringing an action even against the tenant for any form of trespass that did not amount to destruction or waste, even though committed prior to the date of his writ of entry.

Since a demandant at common law before the enactment of this statute had an option of proceeding in trespass, once his title was established, against the disseizee for waste in the form of cutting and removing timber, or in trover against a purchaser, or even against the purchaser without establishing his title under a real action, *Moody* v. *Whitney et als*, 34 Me., 563, 564, we see no reason why the statute should be construed to deprive him of the right to recover damages in trover against a third person for the conversion of the fruits of the waste committed by the tenant when the demandant has not included in his real action any clause for damages by reason of the waste, nor do we think the language or the purpose of the statute requires such a construction.

The doctrine of *res adjudicata* has no application. Even though the purchaser of personal property of a trespasser may be a privy, no judgment obtained in a real action will estop the demandant as against a privy who was not a party, when the issue between them

could not have been litigated in the real action, and was not. *Smith* v. *Brunswick*, 80 Me., 189; *Young* v. *Pritchard*, 75 Me., 518; *Hill* v. *Morse*, 61 Me., 542. The statutory inhibition against a demandant in a real action proceeding in trespass against the tenant for waste accruing prior to the date of his writ of entry can not be extended to have the effect of a judgment shielding the purchaser of the fruits of the trespass from any action by the demandant for conversion, when no claim for such waste is made in the real action and none could be recovered against the tenant.

*Judgment for the plaintiff.*
*Case remanded in accordance with stipulation of parties for assessment of damages below.*