ANNA K. BISBEE AND ALMON S. BISBEE

*vs.*

FREELAND A. KNIGHT.

Cumberland.   Opinion, May 2, 1942.

*Jacob H. Berman,*

*Edward J. Berman,*

*Sidney W. Wernick,*

*Joseph E. Hall,*

*Willis B. Hall,* for plaintiffs.

*Robert T. Smith,* for defendant.

SITTING: STURGIS, C. J., HUDSON, MANSER, WORSTER, MURCHIE, JJ.

HUDSON, J.   This is an appeal from a decree dismissing the plaintiffs' bill in equity brought "for a full and complete accounting, and for directions as to redemption" of an equitable mortgage.

In May, 1930, Mrs. Bisbee held title to certain real estate on Allen Avenue in the City of Portland and Mr. Bisbee to two wood lots in Peru and Woodstock in the County of Oxford. On the Portland property there were three mortgages, the first to the Maine Savings Bank of Portland, the second to a Mr. Wing, and the third to a Mrs. Weinberg.

The second mortgage had been foreclosed and the equity of

redemption had expired when on May 28, 1930, the property therein described was deeded by Mr. Wing to the defendant, Mr. Knight, in pursuance of an arrangement whereby it is claimed Mr. Knight held it only as security and agreed to reconvey it upon receiving payment in full of what he then should have in the property. Claim also was made by the plaintiffs that the defendant then agreed to pay the indebtedness to Mrs. Weinberg, although her interest in the property had been cut off by foreclosure of the Wing mortgage, and further, that to secure Mr. Knight for such payment, Mr. Bisbee deeded the two wood lots to him. On the other hand, Mr. Knight's contention was that these lots were deeded to him only as additional security for money expended in the purchase from Mr. Wing. As a matter of fact, however, the indebtedness to Mrs. Weinberg was not paid by the defendant, but by foreclosure (not here contested as to validity) Mr. Knight obtained title to the wood lots.

While in this bill redemption originally was sought of both the Portland and Oxford Country real estate, yet the plaintiffs now contend only for right of redemption of the Portland property, their only claim now being that the foreclosure of the equitable mortgage on the latter was invalid as a matter of law.

On August 18, 1932, Mr. Knight brought a writ of entry against Mr. and Mrs. Bisbee to obtain possession of the Portland property as a mode of foreclosure of his equitable mortgage. R. S. 1930, Chap. 104, Sec. 3, Par. I. Other means of foreclosure (not here material) are provided by the same section. Sec. 4 of the same chapter provides that "Possession obtained in either of these three modes, and continued for one year, forever forecloses the right of redemption."

By agreement dated November 5, 1932, the writ of entry was defaulted and continued for rendition of a conditional judgment in the sum of $2,950 and issue of a writ of possession. Judgment was rendered January 2, 1933 and on May 12, 1933 Mr. Knight took possession under the writ of possession, which

he has since maintained. There having been no redemption, he now claims absolute title as a defense to this action to redeem. But, in turn, plaintiffs herein contend that the foreclosure was invalid, because unauthorized under said statute. They rely on its Sec. 1, which reads:

> "Mortgages of real estate, mentioned in this chapter, include those made in the usual form, in which the condition is set forth in the deed, and those made by a conveyance appearing on its face to be absolute, with a separate instrument of defeasance executed at the same time or as part of the same transaction."

This statute found its first expression in Sec. 1 of Chap. 125, R. S. 1840. The last clause of the present statute then read, ". . . with a separate instrument of defeasance of the same date and executed at the same time." In R. S. 1857, Chap. 90, Sec. 1, this section was changed to read as it now appears in said Sec. 1 of Chap. 104, R. S. 1930.

The plaintiffs claim that when the deed was given by Mr. Wing to the defendant, it was an absolute conveyance *with only an oral agreement of defeasance*. We do not find it necessary, however, to decide whether an equitable mortgage with only an oral agreement is forecloseable under this statute, that is, whether the statute is exclusive or not, for we do not consider that the plaintiffs have a right to attack collaterally the judgment rendered in the former action. It has not been made to appear that an inspection of the record therein would show that that judgment was rendered on a finding of fact that there was or was not a separate instrument of defeasance executed at the same time or as part of the same transaction. If in the former action it were found that there was a separate written instrument of defeasance, the statute, clearly, would apply.

In the present action, a collateral attack is being made upon the validity of a judgment rendered by a court of general jurisdiction. As to such, every reasonable presumption will be in-

dulged in to support the judgment and "it will be presumed in such a case that the court had jurisdiction both of the subject matter and of the person, and that all the facts necessary to give the court jurisdiction to render the particular judgment were duly found, except where the contrary affirmatively appears. . . . It will also be presumed . . . that plaintiff was entitled to maintain the action; . . . that the judgment was supported by the pleadings and proof." 34 C. J., Sec. 841, pages 537-541.

In 31 Am. Jur., Sec. 414, on page 78, entitled "Of Jurisdiction," it is stated:

"Under this rule, a judgment is supported not only by a presumption that the court had jurisdiction of the subject matter, but by a presumption that the court had jurisdiction of the parties as well. *The presumption is that the court acted within the general scope of its powers, and that the judgment was rendered with authority.*" (Italics ours.)

Also see *Wade* v. *Hurst, et al.,* 143 Ga., 26, 84 S. E., 65, on page 66; *Hancock* v. *Tifton Guano Co.,* 19 Ga. App., 185, 91 S. E., 246; *Gladden* v. *Chapman,* 106 S. C., 486, 91 S. E., 796; *Amos* v. *Massey,* 140 Ky., 54, 130 S. W., 950; *Gibson* v. *Oppenheimer,* Tex. Civ. App., 154 S. W., 694.

In *Glidden-Felt Mfg. Co.* v. *Robinson,* 163 Mo. App., 488, 143 S. W., 1111, it is stated on page 1114, S. W.:

"It goes without saying that it was open to defendants, in the suit upon which the judgment was founded, to have there raised the defense that the plaintiff was not a corporation or one authorized to do business in this state. Whether he then and there raised that or not, judgment went in favor of plaintiff as a corporation; it is a judgment of a court of record, a court of general jurisdiction, and the presumption is irrefutable, by plea or proof, that plaintiff, when it recovered judgment, was a corporation and entitled to maintain the action."

Also see *Morgan* v. *Chicago & N. W. Ry. Co.*, 167 Wis., 48, 166 N. W., 777, for this statement:

"Obviously such determination must be based upon the evidence then before the court, and it cannot be presumed in an action such as this, where the validity of that order is collaterally questioned, that the court did not have before it, upon the face of the record, facts sufficient to confer jurisdiction, if, indeed, the question can be considered at all in a collateral attack upon the validity of the order."

In *Penobscot R. R. Co.* v. *Weeks*, 52 Me., 456, this Court stated on page 459:

"The records of courts of limited jurisdiction, and of foreign courts, may sometimes be contradicted by plea and proof, when the purpose is to show want of jurisdiction; but the records of domestic courts of general jurisdiction cannot be thus contradicted,—it can only be done when proceedings are instituted for the express purpose of setting them aside.

"But the records of all courts are liable to be impeached if it can be done by inspection alone; and if such inspection discloses want of jurisdiction over the person of the defendant, the judgment as against him will be void for every purpose."

In *Blaisdell* v. *Pray*, 68 Me., 269, this Court also stated on page 272:

"But it is equally well settled that in the case of a court of general jurisdiction, unless the want of jurisdiction appears by the record itself, the judgment is regarded as valid and binding until reversed, and not liable to be impeached when collaterally attacked. . . ."

Also see *Treat* v. *Maxwell*, 82 Me., 76, on page 79, 19 A., 98, and *Tourigny* v. *Houle*, 88 Me., 406, on page 408, 34 A., 158.

But it may be objected that the presumption arises only where the former proceedings are according to the course of common law and are not founded on statute. This is so held in *Prentiss* v. *Parks*, 65 Me., 559, where "the proceedings, as a whole," were held not to be "according to the common law" and so the former judgment was adjudged a nullity in a collateral proceeding. However, the decision in that case was clarified in *City of Rockland* v. *Inhabitants of Hurricane Isle*, 106 Me., 169, 76 A., 286. In the latter case, which had to do with the validity of a prior naturalization, it was claimed that it was invalid because the record did not disclose "that the applicant had resided in this State one year prior to the application, the defendant's legal position being that such residence is requisite in order to give this court any jurisdiction over the cause, and as in naturalization proceedings this court has only a special jurisdiction, not in the course of the common law, but conferred by federal statute, the record must on its face show the existence of all facts necessary to confer such jurisdiction or it is void." *City of Rockland* v. *Inhabitants of Hurricane Isle*, supra, 106 Me., on page 170, 76 A., on page 286.

But the Court therein distinguished between "facts giving jurisdiction" and "evidentiary facts after jurisdiction has been conferred" and held that the required residence in the State for one year was only a matter of proof. This distinction is confirmed in *Thompson, Appellant*, 116 Me., 473, on page 480, 102 A., 303.

Here the statute under consideration conferred upon a court of general jurisdiction the right to adjudge foreclosure not only of legal but of equitable mortgages upon proof of certain facts. We consider that whether there existed the required separate instrument of defeasance was an evidentiary fact after conferment of jurisdiction just as much as was the year's residence in the City of Rockland case, supra. That being so, it must be presumed that the Court, before it rendered the conditional judgment and ordered the issue of the writ of possession, had found as a fact that there was such "a separate instrument of

defeasance," there appearing nothing to the contrary in the original record.

*Appeal dismissed.*
*Decree below affirmed.*