MINNIE B. BOWIE, GLADYS BOWIE,
BEVERLY BOWIE AND MARY HARRIS
*vs.*
ALFRED A. LANDRY

Androscoggin.    Opinion, June 21, 1956.

*May & May,*
*Irving Friedman,* for plaintiffs.

*Frank W. Linnell,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ. MURRAY, A. R. J. CLARKE, J., did not sit.

FELLOWS, C. J. This case comes to the Law Court on plaintiffs' exceptions. The action is a writ of entry describing certain land in Androscoggin County and alleging that the plaintiffs are the owners in common, and that the defendant disseized them within twenty years, and unjustly withholds. The declaration seeks rents and profits, for trees cut, and other waste. The defendant pleaded *nul disseisin* with a brief statement claiming *res judicata,* and also claimed an *estoppel,* because one of the plaintiffs, for the benefit of all, had previously brought *trespass quare clausum* alleging trees cut and removed, and that the jury returned a verdict for the defendant.

In the original trespass case, the general issue only was pleaded. There was no brief statement to raise any particular fact in defense. See *Bowie* v. *Landry,* 150 Me. 239, where the Law Court considered a general motion by plaintiff for new trial in the previous trespass case between the parties.

The plaintiffs demurred to the brief statement filed by defendant in this real action, and the demurrer was sustained. The defendant was then permitted to amend.

An amendment was made to the brief statement and filed in this pending action, which amendment precisely and clearly set out the defense of *estoppel,* improperly stated in the original brief statement, and claimed *res judicata* and that plaintiffs were *estopped.* A second demurrer then was filed by the plaintiffs, which second demurrer was overruled, and the plaintiffs took exceptions. These exceptions to the overruling of the second demurrer to the amended brief statement are now before the Law Court.

The defendant stated, in his amended brief statement, that by the verdict in the previous trespass action that mat-

ters alleged in plaintiffs' declaration are *res judicata*, and also that "the precise question to the plaintiffs' right to recover damages from this defendant in this action for the cutting and carrying away of the same trees for which claim was made by these plaintiffs in said previous action has been determined, and the plaintiffs are estopped to claim damages of the defendant in this action for the cutting and carrying away of said trees." .

The plaintiffs contend and say "that the issues presented in the two suits are different, the one being right to possession; the other, title. The damages claimed are incidental only and are not a necessary element in either action. It is not shown that the right of the demandants to damages from the disseizor for injury to the land was particularly presented and determined in the trespass action, or that the judgment was rendered on the merits."

*Res judicata* (sometimes called res adjudicata) means that an issue has been decided by a court of competent jurisdiction. *Estoppel* means preclusion by personal action or by judgment. The former rests on legal reasons, the latter, equitable. See Bouvier Law Dictionary, Third Revision, "Res Judicata" and "Estoppel."

The cause of action in a trespass suit and the cause in a writ of entry are not the same. The gist of the action of trespass is the breaking and entering, and possession in the plaintiffs is a prerequisite. See *Bray* v. *Spencer,* 146 Me. 416 and cases therein cited. In the writ of entry seizin or title is the issue, the wrongful act is disseizin; the recovery is the land, and perhaps rents, profits, and damages to the realty. *Kimball* v. *Hilton,* 92 Me. 214; *Bemis* v. *Diamond Match Co.,* 128 Me. 335. In a trespass suit, plaintiff must prove he was in possession of the land, or a part of the land. The two are inconsistent, and the evidence that would prove one would probably disprove the other.

The facts revealed by the pleadings in this case tend to show that the defendant may have been in possession of some part of the land when the trespass suit was brought, and that the plaintiffs in the trespass case may have mistaken their remedy. Under these circumstances, *res judicata* is not a defense to the case at bar. *Bray* v. *Spencer,* 146 Me. 416 and cases therein cited. *Hill* v. *Morse,* 61 Me. 541; *Hayden* v. *Railroad Company,* 118 Me. 442.

To constitute an *estoppel by judgment,* it must be proved affirmatively that, in the suit in which the judgment was entered, a right or claim was specifically presented, definitely passed upon, adjudged, and decided. The expression that a judgment is conclusive not only as to subject matter, but also as to every other matter that was or might have been litigated, means that a judgment is decisive upon the issues tendered by the proceeding. If the pleading in the former case was the general issue, and the jury verdict did not necessarily depend on any particular claim, or allegation, and the decision may have been on any one of several, there is no estoppel. *Susi* v. *Davis et al.,* 133 Me. 354, 358; *Bray* v. *Spencer,* 146 Me. 416. "Was the same vital point put directly in issue and determined?" *Howard* v. *Kimball,* 65 Me. 308, 330. See also *Embden* v. *Lisherness,* 89 Me. 578.

In this pending case, there was no *res judicata,* and this the defendant recognized at the time of oral argument, and waived this contention. The defendant does rely on an estoppel by judgment in regard to 313 trees, because he claims, and says in his brief statement, "The precise question of the plaintiffs' right to recover damages from this defendant in this action for the cutting and carrying away of the same trees for which claim was made by these plaintiffs in said previous action has been determined, and the plaintiffs are estopped to claim damages of the defendant in this action for the cutting and carrying away of said trees."

In the previous trespass action between the parties, there was a general verdict for this defendant under a plea of the general issue. This record does not show on what basis and for what cause the verdict was found. The verdict might have been based on any one of several contentions. It might have been based on lack of possession, or possession of only a part of the land described. It might have been for any one of many reasons, and the reasons may have been as different as the number of jurors. If the defendant claims an estoppel by judgment, he must show, if that is possible, that there was a determination of, what he calls in his brief statement, "the precise question." *Embden* v. *Lisherness,* 89 Me. 578; *Susi* v. *Davis et al.,* 138 Me. 354.

The question now before the Law Court is whether the presiding justice was correct in overruling the demurrer to the amended brief statement. He was correct in sustaining the demurrer to the first brief statement filed, because that brief statement claimed that *res judicata* was a bar to this action, and the brief statement did not definitely claim any particular *estoppel.* The amended statement, however, positively states that *"the precise question * * * * of the right to recover* damages from this defendant in this action *for the cutting and carrying away of the same trees* for which claim was made by these plaintiffs in said previous action *has been determined."*

It was not necessary for the brief statement to allege estoppel, but we cannot say that it is "not well pleaded." The defendant could set up a claim of estoppel in a brief statement if he saw fit. Having done so, the second demurrer admitted the truth of the positive and precise allegation in the amended brief statement, for the purpose of testing as a matter of law the validity of the brief statement. The presiding justice was, therefore, correct in overruling the second demurrer.

*Exceptions overruled.*
*Case to stand for trial.*