Emma LEWIEN

v.

Michael and Diana COHEN

v.

Ivan HANSCOM.

Supreme Judicial Court of Maine.

Argued June 16, 1981.

Decided July 24, 1981.

Earle S. Tyler, Jr., Milbridge, (orally), for plaintiff.

Fenton, Griffin, Chapman, Smith & Fenton, Douglas B. Chapman, Bar Harbor, (orally), for Michael and Diana Cohen.

Brown, Tibbetts, Churchill & Romei by John A. Churchill, Calais, for Ivan Hanscom.

Before McKUSICK, C. J., and WERNICK and GODFREY, JJ.

McKUSICK, Chief Justice.

In this action to try title to real estate located in the town of Trescott, the Superior Court (Washington County) dismissed the complaint before trial. In that complaint, plaintiff Emma Lewien claimed title in Count I to certain islands and in Counts II and III to a parcel which, though differently described, may include the islands described in Count I. The court held that Count I did not state a claim on which relief could be granted, M.R.Civ.P. 12(b)(6), and that Counts II and III were precluded by the *res judicata* effect of a 1968 judgment. Because we conclude that both of those holdings were erroneous, we vacate the judgment and remand the case to the Superior Court.

### The Facts

Both plaintiff Emma Lewien and defendants Michael and Diana Cohen trace their claim of title to the disputed real estate to James A. Wilcox, who acquired a shorefront farm and several nearby islands before the turn of the century. The town of Trescott acquired the property by foreclosure of a tax lien in 1931. James A. Wilcox died in 1933. The town sold the property in 1943 to the Pressleys who, on July 1, 1968, conveyed it to Patricia Wick. On September 12, 1968, Wick obtained a judgment in a quiet title action barring all persons claiming any interest in the property through or under James A. Wilcox. In 1971 Wick conveyed the property to third party defendant Ivan Hanscom who immediately reconveyed it to defendants Michael and Diana Cohen by warranty deed. All but the last deed in that chain were quitclaims.

Plaintiff Lewien is one of James Wilcox's heirs-at-law and also is the grantee in trust under a 1973 release deed from all or most of the other heirs. In 1975 she commenced an action against the Cohens to try title to certain islands of the Wilcox property.[1] Later, Lewien amended her complaint to add in Counts II and III a claim of title to real estate described substantially as set forth in the 1968 judgment.[2] On Hanscom's motion for summary judgment the Superior Court dismissed Count I for failure to state a claim and Counts II and III on the ground of *res judicata* by the 1968 judgment. Plaintiff Lewien appeals.

### I. *Rule 12(b)(6) Dismissal of Count I*

The Superior Court dismissed Count I of appellant's complaint because it did not

---

1. Count I of the complaint, as finally amended, claimed title to real estate located in Trescott, described as follows:

   Two certain islands, lying and situated in Straight Bay, so-called, and known by the name of Pine Islands, being the same conveyed to Henry P. Wilcox with the other island in Straight Bay by C. J. Staples, A. B. and S. T. Sumner of Lubec, by deed of June 12, 1880. Also being the same premises conveyed by Henry P. Wilcox to James A. Wilcox by deed dated June 4, 1885, recorded Washington County Registry of Deeds Book 218, Page 096, reference to which deed is made for a more particular description thereof, and a third island as described in deed from Herman Kelley to James A. Wilcox, dated February 27, 1896, recorded said Deeds Book 219, Page 174, reference to which deed

   is made for a more particular description thereof.

2. The 1968 judgment described the affected real estate as follows:

   Being the Homestead farm Range three East-lot No. 1, fifty-eight acres, together with all buildings thereon, also Range No. Three East-lot No. Two, twenty-eight acres, more or less, according to a plan and survey made of said Trescott by B. R. Jones, Surveyor; including the land forming an island at low water.

   The real estate description in Counts II and III of Lewien's complaint is identical to the description quoted above except for its omission of the last clause reading, "including the land forming an island at low water."

"state a cause of action under any one of the several statutes establishing the terms and conditions for maintaining real actions." Appellant contends that the Superior Court erred in dismissing Count I of her amended complaint because, although the complaint did not cite a particular statute, it did allege facts sufficient to state a cause of action under 14 M.R.S.A. § 6701 (1980).[3] In response, defendants[4] contend that Count I fails to satisfy the pleading requirements of a real action brought under section 6701 and that the Superior Court justice was thus correct in ordering a Rule 12(b)(6) dismissal.

The cases cited by the Superior Court in support of its holding, *Chickering v. Yates*, Me., 420 A.2d 1219 (1980), and *Hodgdon v. Campbell*, Me., 411 A.2d 667 (1980), involved the peculiar features of Maine's statutory quiet title proceedings under 14 M.R.S.A. § 6651 and 14 M.R.S.A. § 6655. In contrast, an action under section 6701, though a sequel to a section 6651 case if the court orders the defendant to bring a real action, is a distinct legal proceeding. Unlike quiet title proceedings, a real action is only available to one out of possession who can prove an estate in the realty that entitles him to recover possession. *See Bowie v. Landry*, 152 Me. 88, 122 A.2d 774 (1956); *Hall v. Decker*, 48 Me. 255 (1860). It thus requires distinct allegations in the complaint, allega-

tions that readily distinguish a real action from the statutory quiet title actions discussed in *Hodgdon* and *Chickering*. *See generally* Comment, *Maine's Actions to Try Title: A Historical Perspective*, 32 Me.L. Rev. 355 (1980).

The pleading requirements for a real action complaint are prescribed by M.R.Civ.P. 80A(c).[5] In Count I plaintiff Lewien alleged herself to have been seized in fee simple within 20 years and to have been disseized by defendants, and she demanded damages which had allegedly accrued.[6] To that extent, she fully complied with Rule 80A(c). Defendants, however, argue that Count I is deficient in two respects: first, that it does not comply with the rule's requirement that the demanded premises be clearly described, and second, that it does not demand possession.

Rule 80A(c) requires a clear description of the demanded real estate for the purpose of "provid[ing] a defendant with notice of what lands are involved to such a reasonable degree of certainty that he may identify the property at issue and protect his interests by proper pleading or disclaimer as the case may be." *Sargent v. Coolidge*, Me., 399 A.2d 1333, 1338–39 (1979). *Accord, Merrow v. Norway Village Corp.*, 118 Me. 352, 354, 108 A. 325, 326 (1919). The real estate description set forth in Count I, see

---

3. Section 6701 provides:
    Any estate in fee simple, in fee tail, for life or for any term of years may be recovered by a real action.

4. Except as specifically noted, this opinion will refer to both the Cohens and Hanscoms collectively as "defendants."

5. M.R.Civ.P. 80A(c) reads in full as follows:
    (c) **Complaint.** The demanded premises shall be clearly described in the complaint. The plaintiff shall declare on his own seizin within 20 years then last past, without naming any particular day or averring a taking of the profits, and shall allege a disseizin by the defendant. The plaintiff shall set forth the estate which he claims in the premises, but if he proves a lesser estate than he has alleged, amendment may be made to conform to the proof and judgment ordered accordingly. The plaintiff need not state in his complaint the origin of his title, but the court may, on motion of the defendant, order the plaintiff to

file a statement of his title and its origin. The complaint shall include any claim against the defendant for damages which have accrued at the time of commencement of the action for the rents and profits of the premises or for any destruction or waste of the buildings or other property for which the defendant is by law answerable.

6. These allegations distinguish a real action complaint from a complaint in a quiet title proceeding. The plaintiff's possession of the realty is ordinarily a prerequisite to initiating an action under section 6651 or section 6655. *Marshall v. Walker*, 93 Me. 532, 45 A. 497 (1900) (construing section 6651); *Davis v. Davis*, Me., 255 A.2d 903 (1969) (construing section 6655). Accordingly, disseizin is an incongruous allegation in a quiet title proceeding, and damages for lost rent and profits are usually inappropriate relief for one who has been in possession.

note 1 above, is adequate for at least that pleading purpose. On being served with the complaint, defendants knew that plaintiff was claiming certain islands, at least two of them known as the Pine Islands, located in Straight Bay within the town of Trescott and that they had been conveyed to James A. Wilcox in 1885 and 1896. They thereby had notice adequate for them to "identify the property at issue and protect [their] interests" therein. Having been fairly put on notice of the real estate plaintiff was demanding, defendants could obtain any greater precision they needed through a Rule 12(c) motion for a more definite statement and through discovery. In holding the Count I description adequate for pleading purposes, however, we at the same time emphasize that plaintiff's obligations of proof go further. Before she will be entitled to the relief she seeks, she must prove to the satisfaction of the Superior Court the exact islands at issue and provide an up-to-date description thereof for use by the court in any judgment that it ultimately enters.

We find no more convincing defendants' other claim of a pleading deficiency in Count I. Although a demand for possession is not listed among the pleading requirements of Rule 80A(c), such a demand did at common law constitute the gravamen of a real action, *see Rogers v. Biddeford & Saco Co.*, 137 Me. 166, 16 A.2d 131 (1940); *Hall v. Decker*, 48 Me. 255 (1860), and we may assume that a properly pleaded complaint under section 6701 would specifically ask for that relief. Be that as it may, however, Count I was not deficient. It stated: "Plaintiff demands of defendants certain real estate . . . ." Consistently with the command of M.R.Civ.P. 8(f) that "[a]ll pleadings shall be so construed as to do substantial justice," we understand plaintiff Lewien to have been demanding all the rights that go with ownership of the described real estate, including possession. By demanding the real estate she *inter alia* demanded possession of it.

Since we conclude that Count I adequately pleads a cause of action under section 6701, we hold that the Superior Court erred in ordering a Rule 12(b)(6) dismissal of that count. Defendants, however, urge that the Law Court should nonetheless affirm on the ground that the Superior Court could alternatively have entered summary judgment for defendants. In other words, they contend that the Law Court should, on the basis of the whole record before the Superior Court, grant their motion for summary judgment.[7] That we decline to do. Except in extraordinary circumstances, we will not go beyond merely reviewing the action of the trial court. Although an appellate court must constantly be alert to promote judicial economy, countervailing considerations in the case at bar outweigh that factor. Summary judgment is an extreme remedy, denying the party against whom it is issued any trial of the facts. The trial court should enter it only with caution, to be sure that there in truth exists no genuine issue of material fact. *Wallingford v. Butcher*, Me., 413 A.2d 162, 164–65 (1980); *Ouellette v. Daigle*, Me., 219 A.2d 545, 548 (1966). It is the trial court's job in the first instance to make that determination; and even where the decision ultimately turns on a pure question of law, the judicial process operates with a greater certitude of reaching an ultimately correct result if the trial court first assembles the relevant uncontroverted facts and applies thereto what it views to be the appropriate legal rules, thus leaving it to the appellate court to review the correctness of the resulting judgment. We therefore vacate the judgment dismissing Count I and remand to the Superior Court for all further proceedings on that count.

## II. *Summary Judgment for Defendants on Counts II and III*

Plaintiff next contends that the Superior Court erred in granting defendants summa-

---

7. In particular, defendants contend that 1) the 1968 judgment precluded recovery under Count I, 2) appellant had an insufficient title to main-tain the action, and 3) appellant failed to join indispensable parties as defendants.

ry judgment on Counts II and III of the complaint. The real estate involved in those counts was there described in language nearly identical to the language describing the land at issue in the 1968 quiet title proceeding initiated by Patricia Wick, which resulted in the 1968 judgment. In that proceeding, the court ordered service of process by publication, *see* M.R.Civ.P. 4(g), and when none of the named defendants made an appearance in the action, it appointed a guardian ad litem to represent them. The resulting 1968 judgment barred all claims to some or all of the Wilcox real estate by any person claiming through or under James A. Wilcox. By its terms the 1968 judgment would operate against plaintiff Lewien and the other Wilcox heirs for whom she now acts as trustee.

■ In entering summary judgment for defendants, the Superior Court held that the 1968 judgment was *"res judicata* as to the claims asserted in Count II and Count III of the complaint." Both counts contain allegations that plaintiff Lewien claims render the 1968 judgment void. Notwithstanding those allegations, the Superior Court reasoned that the collateral attack posed by Counts II and III was an inappropriate method by which to challenge the 1968 judgment.[8] We disagree.

Counts II and III allege that the 1968 judgment was entered upon the basis of service only by publication; that publication notice was ordered by the Superior Court on the affidavit of Wick's attorney (who is now deceased) that he had made the constitutionally required diligent search for the heirs of James A. Wilcox; and that by at least some time prior to entry of the 1968 judgment Wick's attorney knew of the falsity of his own affidavit and yet did not inform the court of the true circumstances. Both counts allege that the heirs of Wilcox could have been located easily and that one of them had visited Wick's attorney soon after the commencement of the 1968 proceeding and had identified himself as a Wilcox heir. When it ruled on the summary judgment motion, the Superior Court had before it an affidavit and a deposition[9] supporting the allegations of Counts II and III.

■ M.R.Civ.P. 4(g)(1) provided in 1968, as it does today, that service by publication in an action affecting a person's interest in realty may be ordered by a court "on motion upon a showing that service cannot with due diligence be made by another prescribed method." *See* 1 Field, McKusick & Wroth, *supra* at 4.13. Under Maine law and federal constitutional dictates of due process, service of process effected in a manner most reasonably calculated to apprise the defendant in fact of the proceeding is necessary to insure that the

---

8. As we read the Superior Court's order, the court found only that the action pleaded in Counts II and III was barred on the ground of *res judicata* and on plaintiff's failure to challenge the 1968 judgment pursuant to M.R. Civ.P. 60(b). Defendants argue nevertheless that the Superior Court's judgment granting the motion for summary judgment on Counts II and III is supported by the plaintiff's failure to allege that she was in possession of the realty, a necessary allegation in most quiet title proceedings based on 14 M.R.S.A. § 6651 or § 6655. On the record before us, we reject this argument if only because an action to quiet title may be brought under the general equity jurisdiction of the Superior Court even though the plaintiff is not in possession, where fraud, an independent ground of equity jurisdiction is alleged and inadequate relief is available at law. *Hanscom v. Bourne,* 133 Me. 304, 177 A. 187 (1935); 14 M.R.S.A. § 6051(13) (1980).

9. Defendants contest the sufficiency of the evidence in support of these allegations. Specifically, they challenge the sufficiency of the affidavit of Emma Lewien apparently because it contains statements that could not have been based on her personal knowledge. While the affidavit clearly does contain such statements, it also contains statements relating the affiant's own whereabouts and relationships with members of her own family and suggesting that her family was in contact with members of a community near Trescott. Some of those statements were perforce based on personal knowledge and therefore were appropriate for the Superior Court's consideration, although of limited probative value. *See Dineen v. Star Press, Inc.,* Me., 391 A.2d 834, 835 (1978); *Steeves v. Irwin,* Me., 233 A.2d 126, 130 (1967). In any case, the deposition of Harry Wilcox alone provides sufficient direct and inferential support for the material allegations made in Counts II and III.

court in which an action is initiated gains personal jurisdiction over the parties. *Schroeder v. City of New York*, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Michaud v. City of Bangor*, 159 Me. 491, 196 A.2d 106 (1963); *Penobscot R. Co. v. Weeks*, 52 Me. 456 (1864). Without personal jurisdiction, any judgment entered by such a court is void and, where appropriately challenged, should not be given *res judicata* effect. *Id. See Restatement (Second) of Judgments* § 113 (Tent.Draft No. 6, Feb. 10, 1979).

■ If, in the case before us, the order for service by publication in the 1968 proceeding was entered by the Superior Court as a result of a deliberate nondisclosure by Wick's attorney of the constitutional inadequacy of his search for the Wilcox heirs and those heirs in fact did not have timely knowledge of the suit, the 1968 judgment would be void. *See Joseph Russell Realty Co. v. Kenneally*, 605 P.2d 1107 (Mont.1980); *Barton v. Alpine Investments, Inc.*, 596 P.2d 532 (Okl.1979). We thus conclude that plaintiff has alleged facts in both counts that were supported by competent evidence and were material to the validity of the 1968 judgment.

The only question remaining for this court's consideration is whether a judgment can be collaterally attacked for such a deliberate deviation from prescribed methods of process. M.R.Civ.P. 60(b) plainly indicates that, in exceptional circumstances, an independent action challenging the validity of a judgment may be appropriate.[10] *See* 2 Field, McKusick & Wroth, *supra*, §§ 60.1, 60.3 (2d ed. 1970 & Supp. 1977). In *Allen v. Coe Realty, Inc.*, Me., 325 A.2d 19, 25 n.4 (1974), the Law Court noted that such an action "finds its substantive content in the principles of equity."

Equity has traditionally afforded relief from judgments void because of fraud, *e. g., In re Knapp's Estate*, 149 Me. 130, 138, 99

A.2d 331, 336 (1953), or because the judgment was obtained in violation of due process, *e. g., Warren v. Waterville Urban Renewal Auth.*, Me., 290 A.2d 362, 365 (1972). An independent action, though rare, may be particularly appropriate where a judgment is allegedly void because it was procured by fraud and in violation of due process requirements so that an actual appearance and litigation on the merits by the affected parties was precluded. *See Green v. Ancora-Citronelle Corp.*, 577 F.2d 1380, 1384 (9th Cir. 1978). *See also Joseph Russell Realty Co. v. Kenneally, supra* at 1111; *Restatement (Second) of Judgments, supra,* § 127 and Comment.

In the case before us, Counts II and III alleged facts that not only suggest that the court hearing the 1968 action did not have personal jurisdiction over plaintiff Lewien and the other Wilcox heirs, but that the proceeding went forward in their absence because of a fraudulent nondisclosure by Wick's attorney. That nondisclosure, if proven at trial, may have constituted a fraud on the court itself. Thus, the 1968 judgment may well be appropriately attacked in a separate proceeding based on the Superior Court's general equity jurisdiction.

Citing *Warren v. Waterville Renewal Auth., supra* at 365–66; *Bisbee v. Knight*, 139 Me. 1, 6, 26 A.2d 637, 639 (1942); *Blaisdell v. Inhabitants of Town of York*, 110 Me. 500, 509, 87 A. 361, 366 (1913); and *Penobscot R. Co. v. Weeks, supra* at 458–59, defendants contend, however, that collateral attack in an independent action is proper under Maine law only where the record of the original proceeding plainly reveals that the judgment was void. Because the judgment in this case clearly recites that service by publication was ordered and a guardian to represent the interests of defendants was appointed, defendants argue that the judgment should be presumed valid, thus foreclosing collateral review.

---

10. M.R.Civ.P. 60(b) provides in pertinent part: This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding.

Defendants' authority for this argument is distinguishable from the instant case. Plaintiff and those whose interests she represents never appeared in the 1968 proceeding for the same reason that she asserts makes the 1968 judgment void. Under such circumstances, it would be irrational for a court possessing equitable jurisdiction to refuse to consider facts, not of record, tending to show that the judicial process was consciously subverted in a way that led the court in the original proceeding to enter a judgment affecting parties over whom the court had never acquired personal jurisdiction. The record in such a proceeding is unlikely to reveal such a fraud upon the court and such a constitutional deficiency, if only because the adverse parties were not participants in the proceeding.[11] In the cases cited by defendants, the Law Court refused to permit collateral attack on judgments operating against persons who were either participants in the proceeding or actually notified. This is not such a case. We find nothing inappropriate about plaintiff's challenging the validity of the 1968 judgment in a separate proceeding. Accordingly, we conclude that the Superior Court erred in granting summary judgment for defendants on Counts II and III because material facts relating to the validity of the 1968 judgment were in dispute and raised a genuine issue for trial.

The entry is:

Appeal sustained.

Judgment vacated and the case remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

---

11. Moreover, because a record generated without the participation of interested parties is unlikely to reveal the grounds for the deficiency of the judgment, the advantages of attacking the judgment directly pursuant to Rule 60(b) are minimized as well.

A Rule 60(b) attack on the judgment was probably inappropriate for other reasons, including the facts that appellees on this appeal were not parties to the 1968 action and that relief other than from the 1968 judgment is apparently sought by plaintiff Lewien in Counts II and III.