STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-02-014

JUL 2  3 03 PM '02

JOHN NORTON, SR.,

Plaintiff,

v.

ORDER ON DEFENDANT'S
MOTION TO DISMISS

TOWN OF LONG ISLAND, MAINE,

Defendant.

DONALD L
LAW

JUL      2002

## ORDER

The underlying complaint arises out of the plaintiff's assertion that the Town of Long Island is impermissibly allowing and encouraging the public use of: (1) those portions of two roads (Island Avenue and Marginal Street) that are located on the plaintiff's land, and (2) submerged wetlands located adjacent to the parcel the plaintiff obtained from the United States in 1964. The defendant seeks dismissal of the entire cause of action based on an assertion that the plaintiff's claims are barred under the doctrine of res judicata. The defendant grounds this assertion in two previous lawsuits brought by the plaintiff with respect to the Town's treatment of the subject property.[1]

## Prior Lawsuits

In the first lawsuit (United States District Court Civ. No. 88-0147-P), the plaintiff asserted that the defendant violated his procedural and substantive due

---

[1] Although the previous cause of action was brought against the City of Portland, both parties concede that the Town of Long Island and the City of Portland are the same parties for purposes of res judicata analysis.

STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2004 MAR -9 A 8: 20

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-02-014
REG-CUM- 3/9/2004

JOHN NORTON
          Plaintiff

v.

ORDER ON DEFENDANT STATE OF
MAINE'S MOTION TO DISMISS &
DEFENDANT TOWN OF LONG
ISLAND'S MOTION FOR JUDGMENT
ON THE PLEADINGS

TOWN OF LONG ISLAND, and
STATE OF MAINE
          Defendants.

Before the court is a Motion to Dismiss made by Defendant State of Maine

("State") and a Motion for Judgment on the Pleadings made by Defendant Town of

Long Island ("Town").

DONALD L. GARBRECHT
LAW LIBRARY

MAY 12 2004

## FACTUAL BACKGROUND

Plaintiff's complaint alleges the following: Plaintiff owns a 5.6 acre parcel of land

with buildings and improvements located on Long Island ("the Norton property"). The

Norton property was a portion of a Naval Fuel Annex of the United States Navy. The

United States acquired the property during World War II through eminent domain

proceedings resulting in a judgment entered March 31, 1943 by United States District

Court Judge John A. Peters. The United States also obtained the State's interest in the

submerged land adjacent to the Norton property in 1944, as reflected in a judgment

entered on April 6, 1945.

After the war, the Norton property was deeded to Plaintiff and Peter K. Lannon

via quitclaim deeds from the General Services Administration ("GSA") dated February

14, 1964 and May 28, 1965. Mr. Lannon subsequently deeded his property to Plaintiff

on September 5, 1967. On October 22, 1986, via a quitclaim deed, the United States

conveyed to Plaintiff and Plaintiff's now deceased wife a pier in the submerged lands designated as "Pier H" and an adjacent breakwater, which were part of the Naval Fuel Annex. The Navy states in the 1986 deed that it had intended to convey the same in the 1964 and 1965 deeds. In addition, on April 18, 1989, the United States quitclaimed its interest in the submerged lands adjacent to the property previously conveyed to Plaintiff. The Plaintiff refers to the submerged lands in these deeds as "the Small Boat Pool."

Plaintiff alleges that the Town of Long Island ("Town") has asserted interests in the Small Boat Pool adverse to his ownership interests. In addition, Plaintiff alleges that the State may in the future assert an interest in the Small Boat Pool adverse to his ownership interests. Plaintiff is bringing this action to quiet title. He prays that the court enjoin the Town and State from utilizing the Small Boat Pool or aiding or encouraging any public use thereof. In addition, Plaintiff seeks judgment against the Town in a sum to fairly compensate him for his losses, as well as for other relief as it may deem just and equitable.

## DISCUSSION

### Sovereign Immunity

Defendants assert that Maine's sovereign immunity bars Plaintiff's claim against the State. There are no Maine Statutes or Court Rules declaring that the State is immune from quiet title actions. Similarly, Maine's Constitution does not exempt the state from such actions. Finally, the Law Court and Superior Court cases cited by Defendant do not support this proposition.

The State relies primarily on Cushing v. Cohen to argue that sovereign immunity is applicable to bar suits where title to real estate is at issue. See Cushing v.

Cohen, 420 A.2d 919 (Me. 1980). Cushing involved the rights of owners of land in certain unorganized townships to cut timber on public lots. Id. at 921. The suit was originally brought against state officers, but not against the state of Maine. Id. After recognizing that the State had a sovereign interest in the public lots, see id. at 923, the case was remanded to the lower court for a determination of whether (1) the state was an indispensable party, (2) the attorney general abandoned the sovereign's immunity, and (3) the action was precluded by sovereign immunity. Id. at 927-28. Although the Cushing case was appealed a second time, the Law Court never reached the issue of whether the state's assertion of title to the public lots automatically exempted it from suit. Instead, the legislature, by resolve, expressly gave consent to the suit before the Law Court undertook review of the matter. See Cushing v. State, 434 A.2d 486, 489 (Me. 1981). Hence, contrary to the Defendant's assertion, Cushing does not stand for the proposition that sovereign immunity bars all quiet title actions. See Bell v. Town of Wells, 510 A.2d 509, 519 n.19 (1986) ("We note that "Cushing did not hold that sovereign immunity bars a quiet title action").

In addition, the Defendants rely on several Superior Court decisions, all of which cite to Cushing, to support their position. See Welch v. State, RE-02-066 (Cum. Cty. July 21, 2003) (Warren, J.); Bohnson v. Hamblet, et al., CV-81-1324 (Cum. Cty. Feb. 13, 1985) (Wernick, J.); Alexander v. State, et al., CV-89-429 (Cum. Cty. Sept. 19, 1990) (Fritzsche, J.). However, in the present action, unlike in the Superior Court cases cited by Defendants, there is a legitimate dispute about whether the State presumptively holds title to the submerged lands. Here, although the State claims it holds title to the submerged lands under the Federal Submerged Land Act (43 U.S.C.S. §§ 1301-1315) and Maine's submerged land statute (1 M.R.S.A. § 3), Plaintiff claims that the submerged

land in question is excepted from these statutes because it was conveyed to him by the federal government after the federal government obtained the land through a 1943 eminent domain proceeding.[1] The court finds that the parties' dispute over who presumptively holds title to the land in question critical, and that the existence of such a dispute warrants a distinction from other Superior Court decisions on point.

Finally, the Defendants argue that the State is entitled to sovereign immunity by distinguishing the present action from Bell v. Town of Wells, 510 A.2d 509. The Defendants argue that whereas in Bell the State was not entitled to sovereign immunity because its interest was a mere "public trust interest" over privately owned intertidal land, here, the State is entitled to sovereign immunity because it is asserting its *title* to the submerged lands. While Bell does stand for the proposition that the Law Court won't allow the State to simply assert an interest "at its whim" to prevent a quiet title action, see id. at 518, Bell does not stand for the opposite conclusion, *viz*: that where the State asserts title, it is entitled to sovereign immunity.

Based on the foregoing analysis, the court denies the State's motion to dismiss on the ground of sovereign immunity.

**Rule 12(b)(6)**

A motion to dismiss for failure to state a claim under M. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. Plimpton v. Gerard, 668 A.2d 882, 885 (Me. 1995). Dismissal under Rule 12(b)(6) is proper only when the non-moving party fails to state a claim for which relief may be granted. M. R. Civ. P. 12(b)(6). When ruling on the motion, the court must view the complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that

---

[1] The Federal Submerged Lands Act expressly exempts from the Act "all lands acquired by the United States by eminent domain proceedings." See 43 U.S.C.S. § 1313 (2004).

would entitle the plaintiff to relief pursuant to some legal theory." In re Wage Payment Litigation, 2000 ME 162, ¶ 3, 759 A.2d 217, 220.

Defendant State asserts that the present action should be dismissed pursuant to Rule 12(b)(6) because Plaintiff's complaint does not comply with Maine's quiet title law as outlined in 14 M.R.S.A. §§ 6651-6658 and M. R. Civ. P. 80A and, hence, Plaintiff has failed to state a claim upon which relief can be granted.[2] Specifically, Defendant argues that Plaintiff's complaint fails to describe the land claimed by Plaintiff with sufficient particularity and fails to establish the Plaintiff's uninterrupted possession of the land for four or more years.

In real actions, including actions to quiet title, "Rule 80A(c) requires a clear description of the demanded real estate for the purpose of 'providing a defendant with notice of what lands are involved to such a reasonable degree of certainty that he may identify the property at issue and protect his interests by proper pleading or disclaimer as the case may be.'" Lewien v. Cohen, 432 A.2d 800, 802 (Me. 1981) (quoting Sargent v. Coolidge, Me., 399 A.2d 1333, 1338-39 (1979); Accord, Merrow v. Norway Village Corp., 118 Me. 352, 354, 108 A. 325, 326 (1919). In the present case, the submerged land claimed by Plaintiff is described in Plaintiff's complaint as "submerged lands located adjacent to the parcel he obtained from the United States in 1964." See Compl. ¶ 13 & ¶ 20. The land is also described in similarly vague language in Plaintiff's Exhibits E through I. See Pl.'s Exs. E, F, G, H, and I. Accordingly, the court finds that Plaintiff's complaint fails to clearly describe the demanded real estate.

---

[2] In addition, Defendant asserts that if Plaintiff seeks relief under Maine's Declaratory Judgment Act (14 M.R.S.A. §§ 5951-63), Plaintiff's complaint still fails to comply with the applicable laws and rules and accordingly, has failed to state a claim upon which relief may be granted. Because the Plaintiff's complaint only seeks to quiet title, and does not seek a declaratory judgment, the court does not address this argument.

In addition, Defendant correctly asserts that in quiet title actions, 14 M.R.S.A. § 6655 (2003) requires that Plaintiff establish that he has been in uninterrupted possession of the said land for four or more years. Although Defendant's complaint discusses ownership of the said land for the requisite period, it does not specifically assert uninterrupted possession of the land as required by statute.

While the court agrees that Plaintiff's complaint should have been pled with more particularity, it elects not to dismiss Plaintiff's complaint on this ground. At the January 13, 2004 hearing on this matter, Plaintiff expressed a willingness to amend his complaint to address these procedural deficiencies. Accordingly, the court grants Plaintiff leave to amend his Complaint under M.R. Civ. P. 15.

## Motion for Judgment on the Pleadings

The issues raised by the Defendant Town of Long Island in its Motion for Judgment on the Pleadings are identical to those raised by Defendant State in its Motion to Dismiss and have been addressed above. Consequently, the Town's Motion for Judgment on the Pleadings is denied.

### DECISION

Pursuant to M. R. Civ. P. 79(a), the Clerk is directed to enter this Order on the Civil Docket by a notation incorporating it by reference and the entry is:

Defendant State's Motion to Dismiss is DENIED;
Defendant Town's Motion for Judgment on the Pleadings is DENIED; and
Plaintiff's request for leave to amend his complaint is GRANTED.

Dated at Portland, Maine this 5th day of March 2004.

_____
Robert E. Crowley
Justice, Superior Court

JOHN NORTON SR. - PLAINTIFF
38 PROVIDENCE AVENUE
SOUTH PORTLAND ME 04106
Attorney for: JOHN NORTON SR.
JOHN S CAMPBELL
CAMPBELL & ASSOCIATES
183 MIDDLE STREET, 4TH FLOOR
PO BOX 369
PORTLAND ME 04112-0369


vs
TOWN OF LONG ISLAND, MAINE - DEFENDANT

Attorney for: TOWN OF LONG ISLAND, MAINE
ROBERT CRAWFORD
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029


Attorney for: TOWN OF LONG ISLAND, MAINE
GREGORY CUNNINGHAM
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029


Attorney for: TOWN OF LONG ISLAND, MAINE
TODD HOLBROOK
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029


Attorney for: TOWN OF LONG ISLAND, MAINE
JOHN WHITMAN
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS ST, SUITE 900
PO BOX 9545
PORTLAND ME 04112-9545


Attorney for: TOWN OF LONG ISLAND, MAINE
CAROL EISENBERG
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS ST, SUITE 900
PO BOX 9545
PORTLAND ME 04112-9545


Attorney for: TOWN OF LONG ISLAND, MAINE
PAUL R JOHNSON
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS ST, SUITE 900
PO BOX 9545
PORTLAND ME 04112-9545

STATE OF MAINE - DEFENDANT

Attorney for: STATE OF MAINE
DENNIS HARNISH
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION

AUGUSTA ME 04333-0006


Filing Document: COMPLAINT                    Minor Case Type: QUIET TITLE
Filing Date: 02/08/2002

## Docket Events:

02/08/2002 FILING DOCUMENT - COMPLAINT FILED ON 02/08/2002
           WITH EXHIBITS A-I.

02/08/2002 Party(s):  JOHN NORTON SR.
           ATTORNEY - RETAINED ENTERED ON 02/08/2002
           Plaintiff's Attorney: JOHN S CAMPBELL

02/08/2002 Party(s):  TOWN OF LONG ISLAND, MAINE
           NOTE - OTHER CASE NOTE ENTERED ON 02/08/2002
           ACCEPTANCE OF SERVICE OF SUMMONS AND COMPLAINT BY GREG CUNNINGHAM, ESQ. ON BEHALF OF TOWN
           OF LONG ISLAND, MAINE FILED.

03/04/2002 Party(s):  TOWN OF LONG ISLAND, MAINE
           MOTION - MOTION TO DISMISS FILED ON 03/04/2002
           DEFENDANT TOWN OF LONG ISLAND'S MOTION TO DISMISS (MEMORANDUM INCORPORATED) WITH EXHIBITS
           1 - 3, REQUEST FOR HEARING, AND PROPOSED ORDER.

03/04/2002 Party(s):  TOWN OF LONG ISLAND, MAINE
           ATTORNEY - RETAINED ENTERED ON 03/04/2002
           Defendant's Attorney: ROBERT CRAWFORD

03/04/2002 Party(s):  TOWN OF LONG ISLAND, MAINE
           ATTORNEY - RETAINED ENTERED ON 03/04/2002
           Defendant's Attorney: GREGORY CUNNINGHAM

03/04/2002 Party(s):  TOWN OF LONG ISLAND, MAINE
           ATTORNEY - RETAINED ENTERED ON 03/04/2002
           Defendant's Attorney: TODD HOLBROOK

03/07/2002 Party(s):  TOWN OF LONG ISLAND, MAINE
           RESPONSIVE PLEADING - ANSWER FILED ON 03/07/2002
           OF TOWN OF LONG ISLAND MAINE.

03/07/2002 Party(s):  TOWN OF LONG ISLAND, MAINE
           ATTORNEY - RETAINED ENTERED ON 03/07/2002
           Defendant's Attorney: JOHN WHITMAN

03/07/2002 Party(s):  TOWN OF LONG ISLAND, MAINE
           ATTORNEY - RETAINED ENTERED ON 03/07/2002
           Defendant's Attorney: CAROL EISENBERG

process rights, and his right to equal protection, in failing to enforce the law as to the public use of Island Avenue.[2] The United States District Court for the District of Maine (Carter, J.) approved the Recommended Decision of the Magistrate and granted summary judgment in favor of the defendant. See Def.'s Ex. 1.

In the second lawsuit (United States District Court Civ. No. 96-250-P-H), the plaintiff again complained about the Town's improper use, and its encouragement of public use, of Island Avenue and Marginal Street, and requested, among other things, that the court order the Town to acknowledge that Island Avenue and Marginal Street are not public ways. The United States District Court for the District of Maine (Hornby, J.) granted summary judgment in favor of the defendant, and the United States Court of Appeals for the First Circuit affirmed on the ground of issue preclusion because "[i]n a prior suit, the appellant was given the opportunity to fully litigate whether his claims are cognizable under the Civil Rights Act [and t]he judgment against the appellant in the prior suit bars him from re-litigating the issue here." See Def.'s Exs. 2-3.

## Res Judicata

Res judicata, or claim preclusion, bars relitigation of a claim if "(1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action." Camps

---

2 Although the public's use of Marginal Street was mentioned, the court determined, and the plaintiff apparently conceded that his complaint was limited to unauthorized parking conducted on Island Avenue.

Newfound/Owatonna Corp. v. Town of Harrison, 1998 ME 20, ¶ 11, 705 A.2d 1109, 1113. Maine applies a transactional test to "determine whether the matters presented for decision in the instant action were or might have been litigated in the prior action." Id. The Law Court has written:

> the measure of a cause of action is the aggregate of connected operative facts that can be handled together conveniently for purposes of trial. A prior judgment bars a later suit arising out [of] the same aggregate operative facts even though the second suit relies on a legal theory not advanced in the first case, seeks different relief than that sought in the first case, and involves evidence different from the evidence relevant to the first case.

Id. (quoting Connecticut Nat'l Bank v. Kendall, 617 A.2d 544, 547 (Me. 1992)).

**Discussion**

In the instant lawsuit, the plaintiff seeks to quiet title to Island Avenue and Marginal Street (Count I); to quiet title to the submerged lands (Count II); and an award of damages (Count III). As to Count I, the plaintiff complains that the defendant has encouraged public use of Island Avenue and Marginal Street, and has used Island Avenue and Marginal Street as public ways. Complaint ¶¶ 7-8. These are the same complaints asserted in the first lawsuit. See Def.'s Ex. 1.[3] The plaintiff argues that the current action does not arise out of the same operative facts because the damage claim is limited to those damages caused by actions occurring after both of the previous lawsuits. However, if the court accepted the plaintiff's argument, the "plaintiff [could] bring successive claims of [trespass] after repeated holdings by

---

[3] The plaintiff asserts that res judicata is inapplicable to bar the current cause of action because the United States District Court abstained from deciding the issue of title in the first lawsuit. The court finds this assertion unpersuasive.

the courts that the activities at issue did not constitute a [trespass], merely because the activities continued unchanged after each such finding." Barth v. Town of Sanford, 2001 WL 136157 (D. Me. 2001). The point is this - in the original lawsuit the plaintiff complained that the defendant encouraged public use of Marginal Street and Island Avenue, which were alleged to be non-public[4]; in the second lawsuit, the plaintiff complained that the defendant encouraged public use of Marginal Street and Island Avenue, which were alleged to be non-public; and in the present action, the plaintiff is complaining that the defendant encouraged public use of Marginal Street and Island Avenue, which again are alleged to be non-public. In the first lawsuit, the plaintiff alleged that the defendant's encouragement of public use violated his due process and equal protection rights; he "might have" brought a cause of action to quiet title at that time because there was a dispute as to whether there was a public easement over Island Avenue and Marginal Street. The combination of claims would have been easy for a court to handle in one case because the issues of title and public rights would have been preliminary determinations in the due process and equal protection claims - that is, if the public had a right to use the ways, then the plaintiff had no constitutional claims. Furthermore, the plaintiff has not alleged an increase in use that might exceed the

---

[4] The plaintiff specifically alleges that the United States reserved an easement, but that the easement extends only to use by the United States and does not cause Island Avenue and Marginal Street to become public ways. Thus, the plaintiff argues, the public has no right to use these ways.

4

public use permitted under any public easement.[5] The plaintiff had the opportunity to quiet title during the first cause of action, and had he done so, would be permitted to sue for continuing trespasses. However, having failed to assert the cause of action, he has lost the right to do so.[6] Accordingly, Count I of the plaintiff's complaint is dismissed.

The defendant argues that the doctrine of res judicata also bars Count II, in which the plaintiff seeks to quiet title to the submerged lands. The exhibits provided by the defendant that relate to the previous lawsuits do not demonstrate that the defendant's conduct with respect to the submerged lands was at issue in either of the previous cases. In fact, the exhibits to not demonstrate that the defendant was engaging in any conduct with respect to the submerged lands.[7]

---

[5] Such an increase in use might take the present controversy out of the "same operative facts" as the previous lawsuits, and thus would arguably fall outside the bounds of res judicata.

[6] This inability to quiet title is understandably frustrating to the plaintiff, who now must wait for a change in circumstances to create a new set of operative facts before he can bring a cause of action to fully settle the scope of public rights associated with Island Avenue and Marginal Street. However, the court supposes that most parties barred from litigating a seemingly valid cause of action would be similarly frustrated. The doctrines of res judicata and collateral estoppel are important in furthering the interests of judicial economy and the finality of litigation, and cannot be ignored merely because a party, who was fully capable of raising issues in a previous case, is inconvenienced.

[7] The defendant seems to suggest that the plaintiff *could have* asked the court in the original proceeding to determine ownership of the submerged lands. This may be true, however, it is not determinative of the question at hand. The defendant must establish that the present cause of action arises out of the same set of operative facts as the previous lawsuit. To accept the defendant's argument would expand the bar of res judicata beyond all reason. For instance, in a case where two

Accordingly, the defendant has not established that Count II is barred under the doctrine of res judicata. The defendant's motion to dismiss Count II is denied.

---

properties abut on two boundaries - the west and north; if there is a dispute about the westerly line, the defendant argues that the complaining property owner should also bring suit to decide where the northerly line lies. If the complained of activity only affects the westerly line, a subsequent complaint regarding the northerly line would not arise out of the same operative facts. The court is not convinced that the complaining party could even ask the court to make a ruling as to the northerly line unless there were an actual case or controversy with respect to that line.

The entry is

The defendant's motion to dismiss Count I is GRANTED;

The defendant's motion to dismiss Count II is DENIED; and

The defendant's motion to dismiss Count III is GRANTED to the extent the plaintiff seeks damages associated with Count I.


Dated at Portland, Maine this 2nd day of July 2002.

Robert E. Crowley
Justice, Superior Court

JOHN NORTON SR. - PLAINTIFF
38 PROVIDENCE AVENUE
SOUTH PORTLAND ME 04106
Attorney for: JOHN NORTON SR.
JOHN S CAMPBELL
CAMPBELL & MCARDLE PA
PO BOX 369
183 MIDDLE ST, 4TH FLOOR
PORTLAND ME 04112-0369


vs
TOWN OF LONG ISLAND, MAINE - DEFENDANT

Attorney for: TOWN OF LONG ISLAND, MAINE
ROBERT CRAWFORD
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029

Attorney for: TOWN OF LONG ISLAND, MAINE
GREGORY CUNNINGHAM
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029

Attorney for: TOWN OF LONG ISLAND, MAINE
TODD HOLBROOK
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029

Attorney for: TOWN OF LONG ISLAND, MAINE
JOHN WHITMAN
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS ST, SUITE 900
PO BOX 9545
PORTLAND ME 04112-9545

Attorney for: TOWN OF LONG ISLAND, MAINE
CAROL EISENBERG
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS ST, SUITE 900
PO BOX 9545
PORTLAND ME 04112-9545

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-RE-2002-00014


**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: QUIET TITLE
Filing Date: 02/08/2002

**Docket Events:**
02/08/2002 FILING DOCUMENT - COMPLAINT FILED ON 02/08/2002
           WITH EXHIBITS A-I.

STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2004 MAY 26  P 3: 09

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-02-014
REC  -CUM- 5/26/2004

JOHN NORTON
          Plaintiff

          v.

TOWN OF LONG ISLAND, and
STATE OF MAINE
          Defendants.

DONALD L. GARBRECHT
LAW LIBRARY

JUN 8 2004

ORDER ON DEFENDANT
TOWN OF LONG ISLAND'S
MOTION FOR SUMMARY
JUDGMENT ON COUNT III
OF PLAINTIFF'S COMPLAINT

Before the court is the Town of Long Island's motion for summary judgment on Plaintiff's damages claim (Count III).

## FACTUAL BACKGROUND

Plaintiff's complaint alleges the following: Plaintiff owns a 5.6 acre parcel of land with buildings and improvements located on Long Island ("the Norton property"). The Norton property was a portion of a Naval Fuel Annex of the United States Navy. The United States acquired the property during World War II through eminent domain proceedings resulting in a judgment entered March 31, 1943 by United States District Court Judge John A. Peters. The United States also obtained the State's interest in the submerged land adjacent to the Norton property in 1944, as reflected in a judgment entered on April 6, 1945.

After the war, the Norton property was deeded to Plaintiff and Peter K. Lannon via quitclaim deeds from the General Services Administration ("GSA") dated February 14, 1964 and May 28, 1965. Mr. Lannon subsequently deeded his property to Plaintiff on September 5, 1967. On October 22, 1986, via a quitclaim deed, the United States conveyed to Plaintiff and Plaintiff's now deceased wife a pier in the submerged lands

1

designated as "Pier H" and an adjacent breakwater, which were part of the Naval Fuel Annex. The Navy states in the 1986 deed that it had intended to convey the same in the 1964 and 1965 deeds. In addition, on April 18, 1989, the United States quitclaimed its interest in the submerged lands adjacent to the property previously conveyed to Plaintiff.

Plaintiff alleges that the Town of Long Island ("Town") has asserted interests in the submerged lands adverse to his ownership interests. In Count III of his Complaint, Plaintiff seeks damages from the Town related to its use of his submerged lands.[1] Although Count III of his complaint does not explicitly state the grounds on which he seeks damages, the Count states that Defendant's actions have caused Plaintiff losses and that Defendant has been unjustly enriched through the use of Plaintiff's property without just compensation.

## DISCUSSION

### I. Standard of Review

Summary judgment is proper where there is no genuine issue of material fact. Rogers v. Jackson, 2002 ME 140, ¶ 5, 804 A.2d 379, 380. In considering a motion for summary judgment, the court gives the party opposing summary judgment the benefit of any inferences that might reasonably be drawn from the facts presented. Curtis v. Porter, 2001 ME 158, ¶ 9, 784 A.2d 18, 22. When the defendant seeks summary judgment, it bears the burden of showing that the evidence fails to establish a prima facie case for each element of the plaintiff's cause of action. Stewart v. Aldrich, 2002 ME 16, ¶ 8, 788 A.2d 603, 606; Corey v. Norman Hansen & DeTroy et al., 1999 ME 196, ¶ 9,

---

[1] The Court notes that Count I of Plaintiff's Amended Complaint, which sought to quiet title to certain roadways on Plaintiff's land, has already been dismissed on *res judicata* grounds. See Order on Def.'s Mot. to Dismiss (July 2, 2002). That order expressly dismissed damages claims

742 A.2d 933, 938. "A judgment as a matter of law in a defendant's favor is proper when any jury verdict for the plaintiff would be based on conjecture or speculation." Champagne v. Mid-Maine Med. Ctr., et al., 1998 ME 87, ¶ 9, 711 A.2d 842, 845.

## II. Compliance M.R. CIV. P. 56(h)

Preliminarily, the court notes that many of the statements of material facts submitted by Defendant on December 23, 2003 fail to comply with M.R. Civ. P 56(h). See Def. Town of Long Island's Statement of Material Facts in Support of Motion for Partial Summ. J. ("SMF") ¶¶ 1, 2, 3, 4, 5, 6, 7, 8, 11, 18 & 19. Specifically, a number of Defendant's statements either in whole or in part are not accompanied by a specific record citation, see SMF ¶¶ 2, 3, 4, 5, 8, 11 & 19, or cite to record material that does not support the statements made. See SMF ¶¶ 6, 7, 18; see also M.R. Civ. P. 56(h)(4) (stating that the "court may disregard any statement of fact not supported by a specific citation to record material"); Doyle v. Dep't of Human Servs., 2003 ME 61, ¶ 12, 824 A.2d 48, 53 (holding that statements of material facts must contain specific record references). In addition, Defendant's record citation for its first statement of material fact is overly broad. See M.R. Civ. P. 56(h)(4) ("An assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion).

Defendant's argument that there is no evidence to support these statements because no evidence exists is unavailing. Affidavits and deposition testimony could have been used to support the alleged statements. For example, in SMF ¶ 3, Defendant asserts: "Plaintiff has not complied with the notice provisions of the Maine Tort Claims Act. He has not alleged such compliance, and has no evidence that he provided the

---

arising out of the use of the roadways. Since Plaintiff has pled no other causes of action seeking damages, Plaintiff's damage claim applies only to damages arising out of the submerged lands.

3

requisite notice to the Town within 180 days of the accrual of his causes of action." This statement could have been supported by an affidavit from an appropriate Town official.

Accordingly, SMF ¶¶ 1, 2, 3, 4, & 5 in their entirety, and parts of SMF ¶¶ 6, 7, 8, 11, 18 & 19, will not be considered by the court in its review of Defendant's motion. See M.R. Civ. P. 56(h)(1); Doyle, 2003 ME 61, ¶¶ 10-11, 824 A.2d at 52-53 (holding that the court need not consider statements of material facts that do not comply with Rule 56).

## III. Damages for Regulatory Taking

Both the Constitution of the United States and the Maine Constitution prohibit uncompensated takings by the government. See Me. Const. art. I, § 21; U.S. Const. Amend. V. Maine's Constitution provides that "[p]rivate property shall not be taken for public uses without just compensation; nor unless the public exigencies require it." Me. Const. art. I, § 21. Similarly, the Fifth Amendment of the United States Constitution prohibits the taking of private property "for public use without just compensation." U.S. Const. Amend. V. States are subject to the Fifth Amendment via the incorporation clause of the Fourteenth Amendment. See Dolan v. City of Tigard, 512 U.S. 374 (1994).

Regulations authorizing physical occupation of a person's property, no matter how minor, require compensation. Lucas v. S.C. Coastal Council, 505 U.S. 1003, 1015 (1992). To determine whether a regulatory taking has occurred, both the United States Supreme Court and the Maine Law Court look at the following three factors: (1) the economic impact of the regulation on the claimant (2) the extent to which the regulation has interfered with distinct investment-backed expectations; and (3) the character of the governmental action. See Daley v. Comm'r, Dep't of Marine Res., 1997 ME 183, ¶ 7, 698 A.2d 1053, 1056, n.7 (citing Connolly v. Pension Benefit Guar. Corp., 475 U.S. 211, 224-25 (1986)).

4

In the present case, Plaintiff claims that the Town's regulation of his submerged lands amounts to a regulatory taking and entitles him to damages under the United States and Maine Constitutions. Defendant argues that Plaintiff has failed to show that anyone acting in an official capacity for the Town has taken any of his submerged lands for a public use, and hence, Plaintiff is not entitled to pursue his constitutional damages claims. See generally Michaud v. City of Bangor, 196 A.2d 106 (Me. 1963). However, Plaintiff's opposing statement of material facts establishes that the Town's Harbormaster, acting in his official capacity, told people that they had the right to moor their boats on the submerged lands. See OSMF ¶ 12. In addition, Plaintiff's opposing statement of material facts establishes that several of the Town Selectmen have asserted the right to control the submerged lands. See OSMF ¶ 6. These statements create a genuine issue of material fact as to whether there was a regulatory taking by individuals who were acting in their official capacities as agents for the town, as well as whether Plaintiff is entitled to damages for a regulatory taking of his property.

Accordingly, Defendant is not granted summary judgment on any damages claims brought under the theory that the Town's regulation of his property amounts to a taking under Maine and United States Constitutions.

## IV. Maine Tort Claims Act

Defendant asserts that any claim for damages under the Maine Tort Claims Act must be dismissed for the following reasons: (1) the Town has immunity under the Act; (2) the Plaintiff has failed to plead, and has set forth no evidence of compliance with the notice provisions of the Act; (3) the Act expressly prohibits Plaintiff's claims; and (4) the claims are barred by the applicable statute of limitations.

5

<u>Town's Immunity</u>

The Maine Tort Claims Act governs all tort claims against any governmental entity, including all political subdivisions such as the Town of Long Island. 14 M.R.S. § 8102(3) (2003). Under the Act, all governmental entities are immune from suit on any and all tort claims seeking recovery of damages unless immunity is removed by one of the exceptions to absolute immunity. 14 M.R.S. § 8103 (2003). The exceptions to absolute immunity are as follows: (1) the ownership, maintenance or use of vehicles; (2) public buildings; (3) discharge of pollutants; and (4) road construction, street cleaning, or repair. 14 M.R.S. § 8104-A (2003).

In the case at bar, based on the statements of material facts before the court, Defendant correctly asserts that the Town is immune from any tort claims brought by Plaintiff. None of the alleged acts of the Town or its officials falls under any of the four exceptions. Accordingly, Defendant is entitled to summary judgment on all tort-based damages claims.

<u>Compliance With Notice Provisions, Express Prohibition of Plaintiff's Claims, Statute of Limitations</u>

Given that the court has determined that Defendant is entitled to summary judgment on all tort-based damages claims, it does not reach Defendant's additional arguments for barring Plaintiff's damages claims under the Maine Tort Claims Act.

## DECISION

Pursuant to M. R. Civ. P. 79(a), the Clerk is directed to enter this Order on the Civil Docket by a notation incorporating it by reference and the entry is:

The Town's Motion for Summary Judgment on Plaintiff's Count III claim for damages pursuant to a regulatory takings theory is DENIED.

The Town's Motion for Summary Judgment on Plaintiff's Count III claim for tort-related damages is GRANTED.

Dated at Portland, Maine this 26th day of May 2004.

Robert E. Crowley
Justice, Superior Court

JOHN NORTON JR. - PLAINTIFF
38 PROVIDENCE AVENUE
SOUTH PORTLAND ME 04106
Attorney for: JOHN NORTON JR.
JOHN S CAMPBELL
CAMPBELL & ASSOCIATES
183 MIDDLE STREET, 4TH FLOOR
PO BOX 369
PORTLAND ME 04112-0369


vs
TOWN OF LONG ISLAND, MAINE - DEFENDANT

Attorney for: TOWN OF LONG ISLAND, MAINE
ROBERT CRAWFORD
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029

Attorney for: TOWN OF LONG ISLAND, MAINE
GREGORY CUNNINGHAM
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029

Attorney for: TOWN OF LONG ISLAND, MAINE
TODD HOLBROOK
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029

Attorney for: TOWN OF LONG ISLAND, MAINE
JOHN WHITMAN
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS ST, SUITE 900
PO BOX 9545
PORTLAND ME 04112-9545

Attorney for: TOWN OF LONG ISLAND, MAINE
CAROL EISENBERG
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS ST, SUITE 900
PO BOX 9545
PORTLAND ME 04112-9545

Attorney for: TOWN OF LONG ISLAND, MAINE
PAUL R JOHNSON
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS ST, SUITE 900
PO BOX 9545
PORTLAND ME 04112-9545

**DOCKET RECORD**